738

No. 4631.

District Court, W. D. Missouri, W. D.
Jan. 6, 1948.

See, also, 7 F.R.D. 35.

Mosman, Rogers, Bell & Field and Joseph Kelly, Jr., all of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Sawyer, Woodson & Righter, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant has objected to Interrogatories Nos. 9 and 15 propounded by the plaintiff. All the other of the fifteen interrogatories were answered.

Interrogatory No. 9 is as follows: "9. Did a door, which was a part of the equipment in defendant's coach in which plaintiff was riding on or about June 17, 1946, fall upon plaintiff?

And Interrogatory No. 15 is as follows: "15. What reports does the defendant have in its possession pertaining to plaintiff's alleged casualty, including any and all interdepartmental reports, routine reports kept and required by rule of the company in reporting accidents and casualties, and any and all reports made by employees or officers of the company purporting to set forth information pertaining to plaintiff's alleged casualty?"

Objections are made by the defendant to answering these interrogatories for the assigned reasons (a) that Interrogatory No. 9 calls for an answer on the main issue in the case, and (b) that Interrogatory No. 15 calls for confidential and privileged information.

These will be examined:

1. It should be kept in mind that the defendant is a corporation and not a personal defendant. Unlike a personal defendant it could have no knowledge as to how the accident occurred save only through its agents and employees. It is charged by the plaintiff that a door of the coach in which she was riding fell on her. She was not rendered unconscious and therefore she knows whether the door fell on her or not. However, under the rules, it is permissible to make inquiries of this kind even though the interrogator is familiar with the facts. For the corporate defendant to answer this question it must depend upon information furnished by its agents and employees. Any answer that it might make would be but the expression of an opinion.

In the case of Hercules Powder Co. v. Rohm & Haas, D.C., 3 F.R.D. 328, Judge Leahy of the District Court of Delaware ruled in substance that "a party interrogated may only answer matters of fact

*within his knowledge,*" (italics mine) and is not required to express opinions or to make research and compilation of data and information not readily known to him. And furthermore, that discovery should be confined to pure facts and not to any elaboration of explanation or comparison.

Judge Underwood of the S. D. Ohio, E. D., in Porter v. Montaldo's, 71 F.Supp. 372, followed the ruling of Judge Leahy and said in substance that interrogatories requiring an expression of opinion or calling for conclusions are objectionable and ordinarily should not be permitted.

In the rather recent case of United States v. Columbia Steel Co., 7 F.R.D. 183, Judge Rodney of the District of Delaware said, "contentions, opinions, and legal conclusions may not be required by interrogatories. * * *"

2. The same thing may be said with respect to Interrogatory No. 15. It calls for information the defendant has acquired by investigation for its defense. In addition to the above authorities, all the cases hold that a litigant cannot compel a disclosure of knowledge and information acquired in preparation for defense. While plaintiff says that she is not asking for the reports, yet the interrogatory is, in part: "What reports does the defendant have in its possession pertaining to plaintiff's alleged casualty, etc."

The defendant ought not to be required to answer the interrogatories to which it makes objections, and in that regard it will be sustained.