SHAWMUT, Inc. v. AMERICAN VISCOSE CORP. et al.

United States District Court
S. D. New York.
May 16, 1951.

Robert W. Meserve, Boston, Mass., Hatch, Root, Barrett, Cohen & Knapp, New York City, for plaintiff.

Silver & Bernstein, New York City (Nahum A. Bernstein and Donald R. Seawell, New York City, of counsel), for Arthur Malina and Malina Co.

Herbert S. Greenberg, New York City, for Saul Gutner and Gutner Bros. Corp.

S. H. KAUFMAN, District Judge.

Plaintiff in an action now pending in the United States District Court for the District of Massachusetts seeks to have Arthur Malina and Malina Company (hereinafter referred to as Malina) and Saul Gutner and Gutner Brothers Corporation (hereinafter referred to as Gutner), none of whom is a party to the action, adjudged to be in contempt of court for failure to comply with subpoenas duces tecum.

Cross-motions have been made by Malina and Gutner (deponents) to limit the taking of depositions by oral examination and to modify the subpoenas. Plaintiff and deponents seek counsel fees and expenses in connection with these motions.

Plaintiff seeks discovery of certain information which, it claims, is necessary to support its action against American Viscose Corporation and Atlantic Rayon Corporation. Defendants are alleged to have violated the Sherman, Clayton, and Robinson-Patman Acts, 15 U.S.C.A. §§ 1 et seq., 12 et seq., 13c, for which plaintiff demands damages and injunctive relief. Malina and Gutner, although not parties to the action, are named as "co-conspirators".

The complaint in this action alleges, in substance, that from about 1941 to 1949 American, the principal producer of viscose processed yarn, sold such yarn in interstate commerce to plaintiff, defendant Atlantic, and to Malina and Gutner at the same price; that all the buyers engaged in the business of reselling the yarn in its original containers and that, in addition, all but Gutner used large quantities of the yarn in processing activities.

The complaint further alleges that in 1949 American entered into contracts with these buyers, other than plaintiff, under which it was agreed that the buyers would resell American's yarn only at American's list price, and that each particular buyer would receive from American a discount of 5%. It is alleged that American refused to extend a similar discount to plaintiff although, for a time subsequent to the date of these agreements, American sold plaintiff yarn which plaintiff resold unprocessed. Plaintiff alleges that when it complained that the discount arrangements with its competitors constituted a violation of its rights, American refused to sell it any more yarn; that when plaintiff asked each of its competitors, including Malina and Gutner, for a supply of yarn, they all refused to sell or even to quote prices thereon, although in previous years when a similar arrangement had been in effect between Malina, Gutner, American, and Atlantic's predecessor, Textron, Inc., both Gutner and Textron sold large quantities of yarn to plaintiff.

Two questions are presented for determination: 1. Are deponents in contempt? 2. Should the depositions by oral examination be limited and the subpoenas duces tecum modified?

1. The question of contempt.

■ The motions for orders adjudging deponents in contempt must be denied. No defiance of the authority of this court has been shown. On the contrary, deponents have acted with strict conformity to the court's edict. Their original motions to limit and modify were denied without prejudice to renewal thereof "when made during the taking of such depositions." Their motions were renewed without delay in accordance with the leave so given. In these circumstances, it would be inequitable to hold deponents in contempt for refusing to comply with the subpoenas before a ruling on the motion so renewed.

2. Whether the depositions by oral examination should be limited and the subpoenas duces tecum should be modified.

Malina in its cross-motion pursuant to Rules 30 and 45, 28 U.S.C.A. asks (a) that the subpoena be modified by striking out paragraph "8", which refers to its financial statements, and that the remaining paragraphs be limited to records and other documents which will not disclose the names of any of its customers; (b) that the deposition by oral examination be limited so as to exclude disclosure of customers' names, and disclosure with respect to financial statements; (c) that it be granted $5,000 for legal expenses in connection with this proceeding.

Gutner's cross-motion is pursuant to Rules 30 and 45. It seeks (a) to modify the subpoena by striking out paragraph "8"; (b) to exclude production of invoices that will disclose the names of customers and individual sales made to them; (c) to limit the deposition by oral examination so as to exclude disclosure of customers' names; (d) to be awarded $2,500 for legal expenses in connection with this proceeding.

Since plaintiff has waived its right to examine the financial statements and balance sheets of deponents, the only issue to be decided is whether plaintiff should be permitted to examine the customer lists containing confidential sales data which are specified in the subpoenas. Before this

issue is touched upon, it is necessary to determine whether this court has jurisdiction.

■ Plaintiff contends that an order of the Massachusetts District Court, denying American's motion to limit and modify so as to exclude disclosure of any customer list information which it may have received from deponents, is binding on Malina and Gutner. There is no merit to this contention since deponents are not parties to this action and were not parties to that proceeding. Parties may be required to furnish broader information than non-party witnesses.

■ Plaintiff further argues that under the Federal Rules of Civil Procedure exclusive jurisdiction to limit and modify is vested in the Massachusetts court. It claims that the jurisdiction of this court in the present case is solely that given by Rule 45(f), authorizing contempt proceedings in the event that a subpoena is disobeyed. This is much too restrictive an interpretation of the Federal Rules.

This court clearly has the power to limit the oral examination.[1] That it has jurisdiction also to modify the subpoena is equally clear. The subpoenas were served pursuant to Rule 45(d), which provides that a subpoena duces tecum used in connection with a deposition is subject to the provisions of Rule 30(b) and also Rule 45(b). Rule 45(b) states that the court "upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive * * *." There is no limitation in Rule 45(b) as to the court in which relief may be granted. To place a construction upon Rule 45(b) that would require one who is not a party, and who seeks modification of a subpoena

served in connection with an action pending in a distant court, to make application before that court, instead of in the court for the district in which the deposition is being taken, would not effectuate the purpose of the Federal Rules which were designed "to secure the just, speedy, and inexpensive determination of every action".[2] It must therefore be concluded that this court has jurisdiction to decide this application.

■ There would seem to be no question as to the timeliness of the motions to limit under Rule 30(d). That the motions to modify were timely when originally made was conceded by plaintiff, and this is but a renewal thereof, pursuant to leave of court. Plaintiff concedes in its brief that the orders denying the motions as having been prematurely made were in error. In any event, they are not binding upon this court. See Bowles v. Wilke, 7 Cir., 1949, 175 F.2d 35, 37, certiorari denied, 1949, 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528, where the court said: "The only restraint upon a second judge in passing upon an interlocutory issue decided by another judge in the same case is one of comity only, which in no way infringes upon the power of the second judge to act." The motions to modify having originally been made within the period required by Rule 45(b) and renewed in reliance upon an order of the court, it would be unjust to hold otherwise than that the timeliness of the motions should be determined as of the date they originally were made.

Since this court has jurisdiction to limit and modify, the problem of whether or not such relief should be granted remains to be determined.

Plaintiff contends, in substance, that deponents' customers lists must be examined to enable it to show that illegal sales were made in interstate commerce and

1. Rule 30(d) provides: "*Motion to Terminate or Limit Examination.* At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or *the court in the district where the deposition is being taken* may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b) * * *." (Emphasis supplied.)

2. F.R.C.P., Rule 1.

to disprove the affirmative defenses asserted by defendants that services performed by deponents constituted legal justification for the 5% discount granted by American.

 The deposition-discovery rules, if they are to accomplish the purposes for which they were formulated, to aid in limiting and clarifying the basic issues of a case, and as a means of ascertaining the facts relative to those issues, must be given a liberal interpretation. See Hickman v. Taylor, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451. But these rules should not be interpreted so broadly that unnecessary and prejudicial disclosure is required. The problem becomes acute in cases where disclosure of confidential business information is sought. Professor Moore has summarized the law on this point: "There is no true privilege against discovery of trade secrets or other 'confidential' business information, but the courts nevertheless will exercise their discretion to avoid unnecessary disclosure of such information, particularly where the action is between competitors." 4 Moore, Federal Practice 2468 (2d ed. 1950). To require the full disclosure of deponents' customers lists would constitute a threat to their business prospects and good will, and would be "unreasonable and oppressive" within the meaning of Rule 45(b).

Deponent Malina has offered to furnish plaintiff with fifty or more names of its customers. Deponent Gutner has made no such offer, but, according to its affidavit, is concerned primarily with preventing disclosure of its confidential files.

The conflicting interests of plaintiff and deponents may best be resolved by an order granting deponents' motions to limit and modify to the following extent:

1. Paragraph "8" in each subpoena shall be stricken out.

2. Each deponent shall disclose to plaintiff the names of 50 of its customers to whom, during the period from 1949 to the time this action was instituted, deponent made sales in interstate commerce, at American's list price, of yarn sold to deponents by American, and upon which

American granted deponents a 5% discount.

If plaintiff is unable to obtain the information it seeks from these customers, it may apply to the court for an order requiring deponents to disclose additional customers' names.

The motions of plaintiff and deponents that they be awarded counsel fees and expenses in connection with this proceeding are denied.

Settle order on notice.