UNITED PARCEL SERVICE OF NEW YORK, Inc. v. FEDERATED DEPART-MENT STORES, Inc.

Civ. A. No. 1538.

United States District Court
D. Delaware.

Aug. 14, 1953.

Aaron Finger, of Richards, Layton & Finger, Wilmington, Del., and Bernard G. Segal, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

Clair J. Killoran, of Killoran & Van Brunt, Wilmington, Del., and Abe Fortas and Norman Diamond, of Arnold, Fortas & Porter, Washington, D. C., for defendant.

LEAHY, Chief Judge.

Plaintiff, United Parcel Service of New York, Inc., has brought suit alleging defendant, under two contracts, failed to pay a sum of $152,693.99 due to United Parcel for services rendered to defendant's store, Abraham & Straus, and failed to pay $140,585.08 for service rendered to defendant's store, Bloomingdale's. Defendant has three motions before the court: (1) for discovery and production of documents under Fed.Rules Civ.Proc. rule 34, 28 U.S.C.; (2) for extension of defendant's time to answer or, in the alternative, for an extension of time to file a counterclaim until after completion of discovery by defendant; and (3) for a "protective order" extending defendant's time to answer pending disposition of its second motion. The facts appearing from the paper record state that Abraham & Straus and Bloomingdale's are department stores located in Brooklyn and Manhattan. Under five-year contracts, commencing February 1, 1949, United Parcel agreed to render merchandise delivery service for the stores. The charges for such services are calculated in substantially the same manner. Each twelve-month period, beginning February 1, is a fiscal year. Each three-month period, beginning February 1, May 1, August 1, and November 1, is a fiscal quarter. Under the contracts, the billing rates for any fiscal quarter are equal to United Parcel's cost of service for the store for the immediately preceding three months for the respective types of services rendered, i. e., package units, furniture units and miscellaneous hauling, increased by a specified amount for each type of service. The contracts provide United Parcel is to bill a store on Monday of each week for services during the preceding week and the stores are to make payment of such weekly bills before the close of the week. If for any fiscal quarter the total cost to United Parcel for services rendered for the store is greater than or less than such total cost would have been at the corresponding unit cost for the immediately preceding quarter, then the charges to the store shall be increased or decreased by an amount equal to one-half of any such excess or deficiency. The contracts describe the cost accounting methods to be used. Plaintiff is required to keep true books and accounts showing actual cost to plaintiff of the delivery service rendered to the store. Plaintiff agreed to cause such books and records to be audited once each month by an independent public accountant, who would be acceptable to the merchants served by plaintiff. The accountant makes monthly reports to the store showing the cost of delivery service rendered during the preceding month.

By letter agreements, plaintiff has accorded defendant the so-called "most-favored-store" provisos; that is, plaintiff agreed to compute its charges to each store on a basis no less favorable to the store than to all the other stores owned by others than defendant as specified in the agreement.

Down to July 1952, United Parcel's bills were honored by defendant. Plaintiff employed the firm of F. W. Lafrentz & Co., certified public accountants of New York, to audit its books and to make the monthly reports for the benefit of defendant, such performance being in accordance with the agreements between the parties. Defendant has accepted the reports of the Lafrentz firm from the dates of their first contracts, and they have been accepted by all other merchants served by United Parcel from the time the plaintiff firm was first engaged in 1930. Defendant has never questioned either the accuracy of plaintiff's charges as certified by the Lafrentz firm or the reliability of that firm to make the audits and certifications.

United Parcel has maintained a policy which it has made clear, that it will not reveal to any store any figures showing the volume or other confidential information relating to the business of any other store

or group of stores. These other stores, served by United Parcel, compete with each other and defendant. Such stores will not reveal charges or unit figures to each other. All the stores that use United Parcel's consolidated delivery service made their decision to do so only after they were satisfied that no competing store would gain access to the information that must necessarily be given to United Parcel in its performance of the delivery service. The practice of having accountants' verification of the accuracy of plaintiff's charges has been consistent since United Parcel began to do business in 1930. The practice has been held for all stores.

The amounts which plaintiff seeks to recover are for deductions defendant made from its payments in the summer and fall of 1952. Defendant says those deductions were made because it wished to be certain it was not making payments in excess of applicable Office of Price Stabilization ceiling regulations. On October 30, 1952, OPS ruled that the charges against which the deductions had been made were lawful. The issue under the complaint is the applicability of OPS ceiling prices and other provisions of the Defense Production Act to the charges made to defendant's stores. Since December 1952, defendant has not withheld any payments to plaintiff.

1. Defendant seeks discovery under F.R. 34 in order to ascertain whether it has a claim against plaintiff and, if so, it shall insert a counterclaim in its answer to the complaint. The parties have argued the present motions at length and the briefs canvass all the decisional law of discovery. As the instant case is sui generis so far as discovery is concerned, I shall not pause to discuss the case law. I think the requirement of confidence plaintiff owes to all its other customers not to disclose the business data which it has received from those other customers should be honored and maintained. At the same time, I do not think defendant should be deprived of all discovery. I think it is entitled to discovery but only in the fashion directed by the court under the peculiar facts which this case poses. At the argument, counsel for plaintiff made the following statement:

"Mr. Segal: I may say to your Honor preliminarily, so that we are entirely frank, that United Parcel has never had the slightest reluctance to having any certified public accountant go through its books, provided the results and not the component figures were disclosed. If tomorrow morning, with no suit in Court, Bloomingdale's or Abraham & Straus called United Parcel and said, 'Look, at our expense we would like to take Ernst & Ernst or Lybrant, Ross Brothers & Montgomery, or we would like to take our own accountants, who are the leading accountants for retail stores in New York, Schniven and so on—their firm represents Federated and Wanamaker's and Gimbel's and Macey's and so on— we want to have them certify to two facts: (1) that the costs as given to us are correct; and (2) that the most-favored-store clause has been correctly applied. We will instruct the accountants and you will instruct them that they may not give us the supporting figures, but they may give us the conclusion.' That store could get it without a law suit in ten minutes.

"The Court: Why don't I do that?

"Mr. Segal: If your Honor did that, this case would be over with one proviso, if I may suggest it, and that is that the case not be held up in the interim. We are anxious to go forward and I believe that the answer may raise such issues and that your Honor can give this protective order that is required; namely, that the right to file a counterclaim shall abide the completion of this order."

I think this suggestion is an admirable one. The parties may agree on selecting an independent public accountant to perform the suggested services. If the parties cannot agree on such selection, then they shall submit the names of three public accountants to the court and I shall make the selection.

454

2. Defendant will, then, have the limited discovery as above suggested. In addition, I think defendant is entitled to a protective order with respect to its counterclaim as well as to its answer.

Appropriate orders in accordance with the foregoing may be submitted.