**SERVICE LIQUOR DISTRIBUTORS, Inc., Plaintiff,**

**v.**

**CALVERT DISTILLERS CORPORATION, Seagram Distillers Corporation, Calvert Distilling Company, Joseph E. Seagram and Sons, Inc., Ramapo Wine & Liquor Corporation, Charles Merinoff, Tubie Resnick, Victor A. Fischel, Harry Levinthal, Samuel Greenstein and Moe Sheinig, Defendants.**

United States District Court,
S. D. New York.
Feb. 3, 1955.

See, also, D.C., 16 F.R.D. 510.

**514**

Lord, Day & Lord, New York City, for plaintiff.

Lexow & Jenkins, Suffern, for defendant Ramapo Wine & Liquor Corp.

BICKS, District Judge.

Plaintiff seeks to inspect the books of account of defendant Ramapo Wine & Liquor Corporation for the purpose of ascertaining therefrom the quantity of the products of the defendants, Calvert Distillers Corporation or Calvert Distilling Company, it purchased and sold during the period March 1, 1948, through December 26, 1951, the net earnings it realized from the sale of the said products and its total net earnings during the same period.

Upon the argument of the motion representations were made to the Court that the sale of Calvert products constituted a relatively small fraction of the total volume of business done by Ramapo and further that Ramapo maintains one set of books which reflect its entire business. The papers on this motion disclose that plaintiff and defendant Ramapo are competitors and are engaged in an economic struggle marked with rancor and intensity. In order to obtain the information desired by plaintiff an examination of all the books of account of Ramapo will be necessary though the data contained therein dealing with the purchase and sale of other than Calvert products is not relevant to the issues in this case and indeed is not sought by plaintiff. Each case where an inspection of books of accounts is resisted on the ground that it will disclose confidential information to a competitor is sui generis.

Plaintiff will obtain all the information to which it is properly entitled and the legitimate interests of the defendant Ramapo will be properly protected if the inspection is conducted by an independent public accountant. The parties may agree on an independent public accountant to perform such services. If they cannot agree then each of them shall submit the names of three public accountants to the Court and the Court will make the selection. The inspection should be confined to the purchases and sales of Calvert products during the period March 1, 1948, through December 26, 1951 (broken down according to product), and the gross profit on such sales. Data as to names of customers and details as to individual sales shall not be disclosed by the accountant. The information is to be prepared on an annual basis, the annual period to correspond as nearly as convenient to the defendant Ramapo's annual accounting period. In all other respects the motion is denied.

Plaintiff is seeking the inspection and it should bear the costs thereof.

Settle order on notice.