492 P.2d 1191

**CORNET STORES, a California corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF YAVAPAI et al., Respondents.**

**No. 10468.**

Supreme Court of Arizona,
In Banc.
Jan. 21, 1972.

Favour & Quail, by Keith F. Quail, Prescott, for petitioner.

Richard Walraven, Prescott, for respondent Dent.

STRUCKMEYER, Justice.

This is an original proceeding by special action to prohibit the respondent, The Honorable Jack L. Ogg, Judge of the Superior Court of Yavapai County, from enforcing an order requiring the Cornet Stores, Inc. to answer certain interrogatories propounded by respondent Dent, plaintiff in the Superior Court. We accepted jurisdiction to settle the claim that the Superior Court abused its discretion and, hence, acted in excess of its jurisdiction. For the reasons given petitioner's request for relief is denied.

Cornet Stores is a California corporation owning 133 variety and discount stores, all located in the western United States (Hawaii, California, Oregon, Arizona, Nevada, Utah, Wyoming, and Idaho). In June 1957, the Respondent Real Party in Interest, Virgil Dent, undertook employment with Cornet Stores, serving in various capacities, including six years as a district supervisor. Some time in 1967 he became the manager of Cornet's new Prescott, Arizona store as the result of an oral agreement between respondent and Joe Cornet, Jr., Cornet's Executive Vice President. The terms of the agreement were that Dent would receive 25% of the net profits of the store upon the condition that he remain in the employ of petitioner to and including the last day of the fiscal year May 31st. Dent was to be paid $200.00 per week with any balance of the 25% in the form of a bonus at the end of the fiscal year. He continued in the capacity of manager until January 10, 1970, when the district supervisor called at the store and informed him that, "I have to let you go." No other reason was given by the district supervisor for Dent's discharge.

It is Dent's position that he was discharged because his earnings as manager exceeded those paid by petitioner to other managers in comparable stores. He alleges that he was the highest paid manager and

one of only two paid on a percentage basis. Petitioner, on the other hand, asserts in its answer to Dent's suit that he consistently violated company policies and failed to comply with the orders of his superiors.

Dent submitted twenty-one written interrogatories under Rules of Civil Procedure 26(b) and 33, 16 A.R.S. to petitioner. Petitioner objected to eleven of them, and the Superior Court held that six of the interrogatories were proper, but that others were improper.

The interrogatories held proper requested information concerning the names, addresses, and terms of employment of each store manager both at the time Dent commenced his managerial duties in 1967 and at the time he was discharged in 1970; that is, whether each was salaried or paid a percentage of the profits, the total earnings of the current managers for the fiscal years 1969 and 1970, the terms of employment of the present manager of the Prescott store, and the earnings of each of the Cornet Stores for the years 1967 through 1970. Petitioner instituted this special action to prohibit the enforcement of such part of the order as pertained to the six interrogatories. Petitioner's basis for objection is that the proffered interrogatories are irrelevant, not calculated to lead to the discovery of admissible evidence, would require the disclosure of trade secrets, were oppressive, burdensome, and would be expensive to formulate in that some 1200 individual answers would be required.

The general rule is that in matters of discovery, trial courts are vested with wide discretion, and their decisions will not ordinarily be disturbed. In addition, the burden of proving the validity of the objection is upon the objecting party. Newell v. Phillips Petroleum, 144 F.2d 338, 340 (10th Cir., 1944); Carson v. City of Fort Lauderdale (Fla.App.), 173 So.2d 743 (1965); Petersen v. City of Vallejo, 259 Cal.App.2d 757, 782, 66 Cal.Rptr. 776, 791, 792 (1968); *and see* Stover v. Central Broadcasting Co. (Iowa), 247 Iowa 1325,

78 N.W.2d 1, 4 (1956), cert. den. 352 U.S. 1016, 77 S.Ct. 565, 1 L.Ed.2d 549.

Arizona Rules of Civil Procedure are in the main taken from the federal rules and those dealing with interrogatories are almost identical. 4 A Moore's Federal Practice (2d ed. 1971), ¶33.27, 33–151, 152, in a discussion generously supported by authorities, states:

"General objections, such as the objection that the interrogatories will require the party to conduct research and compile data, or that they are unreasonably burdensome, oppressive, or vexatious, * * * or that they are irrelevant and immaterial, * * * are insufficient.

The burden of persuasion is on the objecting party to show that the interrogatories should not be answered * * *."

It is also a common principle that the rules of discovery are to be broadly and liberally construed to facilitate identifying the issues, promote justice, provide a more efficient and speedy disposition of cases, avoid surprise, and prevent the trial of a lawsuit from becoming a "guessing game." *See* Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Watts v. Superior Court, 87 Ariz. 1, 347 P.2d 565 (1959), and citations; DiPietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746 (1958). In the past we have upheld objections to interrogatories. *See* Industrial Commission v. Holohan, 97 Ariz. 122, 367 P.2d 624 (1964); Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764 (1958), where there were blanket requests for all documents and, hence, were too sweeping and undetailed to require compliance.

In the light of these common principles, petitioner contends that the requested information is irrelevant and not calculated to lead to the discovery of admissible evidence. It argues as a basis for its position that if it had a legal right to terminate Dent's employment, the particular reason for termination is irrelevant. Rule 26(b), Rules of Civil Procedure, 16 A.R.S.,

provides that any matter relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence is discoverable and, of course, conversely irrelevant matters or those not reasonably calculated to lead to discovery of admissible evidence are not discoverable. *See* Connolly v. Great Basin Insurance Co., 6 Ariz.App. 280 at 288, 431 P.2d 921, 73 A.L.R.2d 1 (1968).

We said in State ex rel. Willey v. Whitman, 91 Ariz. 120 at 123, 370 P.2d 273 at 276 (1962), in quoting from Hickman v. Taylor, supra, that:

> "It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case."

Particularly applicable to the issues in this case is the statement of the court in Columbia Broadcasting System, Inc. v. Superior Court, 263 Cal.App.2d 12 at 22, 69 Cal.Rptr. 348 at 354:

> "It is now well settled that, in an action at law for damages, the plaintiff is entitled in appropriate pretrial discovery proceedings to seek information directly relevant to the issue of damages even though the issue of defendant's liability has not been tried and determined. [Citations omitted.]"

The terms of employment of the store managers, their names and addresses, and the net profits of their stores is directly relevant to Dent's burden of proof. By the acquisition of such information, he will have available for use at the trial the proof of his allegations that under the terms of his contract he was the highest paid manager and one of only two paid on a percentage basis and inferentially that this was the reason for his discharge.

Petitioner argues that if there is proved an employment agreement under which Dent could not be legally discharged without cause and if petitioner fails to establish that it had cause to discharge him, he is entitled to damages without regard to the motive Cornet had in discharging him. Therefore, the names, addresses, and the terms of employment of the manager of each store are immaterial and irrelevant. However, we think that it is Dent's burden as plaintiff to first establish that the discharge was without cause and that to do that he may show the actual reason for the termination of his services. Petitioner's motive might tend to contradict any other reason assigned for Dent's discharge. The principle quoted from Moore, supra, that the burden to show why interrogatories should not be answered is on the objecting party is stated somewhat differently but, nonetheless, appropriately in Ex parte Reserve Life Ins. Co., 38 Ala.App. 32, 77 So. 2d 388, 391 (1954):

> "Interrogatories should be answered unless it appears affirmatively that the evidence sought is patently objectionable and inadmissible."

■ Petitioner also objects for the reason that it is willing to stipulate that respondent was its highest paid manager. We think, however, that a party to litigation has the right to prove its case in the fashion it deems most satisfactory and may not be compelled by the court to accept an offer to stipulate, the effect of which may not have the same impact upon a jury as the evidence which establishes the fact. It is conceivable that the compensation of respondent when contrasted with that of other managers would lead to an inference that the real reason for his discharge was to save money on the manager's salary.

Petitioner next contends that disclosure of the requested information would lead to the revelation of "trade secrets of a highly confidential nature." It relies on United Parcel Service of New York, Inc. v. Federated Department Stores, 14 F.R.D. 451, 453 (D.C.Del.1953), wherein United Parcel objected to certain interrogatories which would have revealed the volume of business done by its client department stores. The court resolved the dispute by ordering a firm of certified public accountants to report only conclusions, and not actual figures. Petitioner also directs our attention to Shawmut, Inc. v. American Viscose

88

Corp., 11 F.R.D. 562, 566 (S.D.N.Y.1951) and Service Liquor Distributors, Inc. v. Calvert Distillers Corp., 16 F.R.D. 513, 514 (S.D.N.Y.1955). Both of these cases concerned objections to interrogatories in a suit between competitors. To prevent the competitor from learning trade secrets, objections were either sustained (Shawmut) or an inspection conducted by an accountant (Service Liquor).

Petitioner asks us to follow the lead of these cases, and either suppress the interrogatories altogether or designate an independent accountant to report only conclusions without component figures.

We think, however, the controlling rule is best expressed in Columbia Broadcasting System, Inc. v. Superior Court, supra, 69 Cal.Rptr., at 355, wherein the court said:

> "Defendants further object to this interrogatory on the ground that it calls for 'confidential information.' We know of no case holding that this is a proper ground for objection to an otherwise proper interrogatory. Assuming that the information called for by this interrogatory is of a confidential nature which defendants do not want to have included in a public record, they presumably could have applied for a protective order * * *."

In 4 Moore in Federal Practice ¶26.60[4] (2nd ed. 1962) at 26–242, 243, there is a discussion of trade secrets, in part in this language:

> "No absolute privilege protects trade secrets from disclosure through the discovery process. If the information sought is relevant and necessary at the discovery stage of the litigation to the preparation of the case * * * disclosure will be required."

█ In the instant case, the Superior Court ordered the answers mailed directly to counsel for respondent, with the understanding that they should not be made public. If petitioner deems this order inadequate, it should apply for such other protective order under Rule 26(c), 16 A.R.S. as is believed necessary.

█ Finally, petitioner urges that the compilation of these 1200 answers would be oppressive, burdensome, or expensive. As to this, it is true some 133 stores are involved. But there is no showing by petitioner that there are 133 separate manager employment contracts containing individual, diverse terms. It may be as Dent suggests that no more than a handful of different contracts are involved, so that, in effect, three or four different answers would suffice for all managers. In any event, the decision on this would seem to peculiarly lend itself to the discretion of the trial court.

█ Nor do we think it should be difficult, burdensome, or expensive to list the names and addresses of the managers, their salaries, and the net profits of each store. We take judicial notice that a business must maintain employee rosters and the amount of withholding based on employee salaries for tax purposes, and obviously profits or losses of each store must be kept for income tax purposes. Here again, petitioner has not demonstrated that an unreasonable burden or expense would be placed upon it.

In West Pico Furniture Company of Los Angeles v. Superior Court, 56 Cal.2d 407, 15 Cal.Rptr. 119, 123, 364 P.2d 295, 299 (1961), the California Supreme Court commented on the defense that an interrogatory requiring a search of 78 branch offices was burdensome and oppressive:

> "* * * no estimate was made of the total man hours required to accomplish the task. Certainly that declaration [a search of 78 branch offices] indicated some burden would be imposed on Pacific to answer the interrogatory, but the extent thereof was not specifically set forth. But the declaration did not indicate any evidence of oppression. Oppression must not be equated with burden. The objection based upon burden must be sustained by evidence showing

the quantum of work required, while to support an objection of oppression there must be some showing either of an intent to create an unreasonable burden or that the ultimate effect of the burden is incommensurate with the result sought."

 We are aware of the holdings that a party interrogated is not required to research and compile data and information not readily known to him. Snyder v. Atchison, T. & S. F. Ry. Co., 7 F.R.D. 738, 739 (W.D.Mo.1948); Onofrio v. American Beauty Macaroni Co., D.C., 11 F.R.D. 181, 184; State ex rel. Kroger Co. v. Craig, 329 S.W.2d 804, 810 (Mo.App.1959). But the principle should also be applied that if the answers involve no great, excessive expenditure of time, effort, or financial resources, even though involving research and compilation of data from documents or records, they must be given. Cinema Amusements, Inc. v. Loews, Inc., 7 F.R.D. 318, 321 (D.C.Del.1947).

We point out again that the trial court is vested with reasonable discretion in determining whether a party is entitled to have interrogatories answered, and the action of the court in respect thereto will not be disturbed except in a clear case of abuse of the discretion. Onofrio v. American Beauty Macaroni Co., supra, 11 F.R.D. at 185.

"The exercise of judgment means the exercise of sound discretion, that is, discretion exercised, not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law. United States v. Beckman, 104 F.2d 260, 262 (3rd Cir. 1939)". Kaufman v. Pima Junior College Gov. Bd., 14 Ariz.App. 475, 484 P.2d 244, 247 (1971).

We hold that petitioner has not carried his burden to establish that the action of the court below was in excess of judicial discretion, cf. State ex rel. Williams v. Vardeman, 422 S.W.2d 400 (Mo.App. 1967); Carson v. City of Ft. Lauderdale, supra; Petersen v. City of Vallejo, supra; Stover v. Central Broadcasting Co., supra;

and that, after a careful consideration of the interrogatories propounded in the light of the adjudicated cases we conclude the objections to the interrogatories were properly overruled.

An award, if any, of expenses incurred by either party resulting from discovery procedures should properly be addressed to the court below.

Petitioner's request for relief is denied.

HAYS, C. J., and LOCKWOOD, and HOLOHAN, JJ., concur.

NOTE: Justice JAMES DUKE CAMERON did not participate in the determination of this matter.