504 P.2d 509

**O. H. HINE and Mary Hine, his wife, Petitioners,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YUMA et al., Respondents.**

**No. 1 CA–CIV 2194.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 21, 1972.

Rehearing Denied Jan. 18, 1973.
Review Denied Feb. 20, 1973.

Shimmel, Hill & Bishop, P. C. by Arthur W. Pederson, Phoenix, for petitioners.

Rolle, Jones & Benton by F. Keith Benton, Yuma, for respondents.

JACOBSON, Judge.

This special action questions the propriety of the trial court's order relieving the real parties in interest from answering certain interrogatories upon the basis that "said number of interrogatories are [sic] *prima facie* excessive, oppressive and unfair."

The petitioners, O. H. Hine and Mary Hine, are defendants in an action brought by Robert F. Otondo and Mary Otondo, real parties in interest. Pursuant to Rule 33, Rules of Civil Procedure, 16 A.R.S., the defendants submitted to the plaintiffs and their attorneys 146 separate interrogatories, many with subparts, which amounted to 114 pages. Subsequent to the service of the interrogatories, plaintiffs filed a motion to strike the interrogatories upon the grounds that "the length of said interrogatories is oppressive, unfair and the amount of time required to answer said interrogatories will involve too much expense," and that "plaintiff will make himself available for oral deposition in the event defendant should require same." The trial court granted the motion, and the defendants brought this special action.

We took jurisdiction in this special action since the petitioners have no right of appeal from this unfavorable pretrial discovery order which they allege was an arbitrary and capricious abuse of discretion and in excess of the trial court's jurisdiction. *See*, Cornet Stores v. Superior Court, 108 Ariz. 84, 492 P.2d 1191 (1972); Campbell v. Superior Court, 18 Ariz.App. 216, 501 P.2d 57 (1972); Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764 (1958); cf., Scottsdale Jaycees v. Superior Court, 17

Ariz.App. 571, 499 P.2d 185 (1972); Southwest Cooperative Wholesale v. Superior Court, 13 Ariz.App. 453, 477 P.2d 572 (1970).

Our task is two-fold, first, to determine whether the mere number of interrogatories or sets of interrogatories is a sufficient basis upon which to relieve a party from answering the inquiries, and, second, to settle the conflict surrounding the relationship between written interrogatories and oral depositions as means of discovery.

Rule 33, *supra*, which allows the submission of written interrogatories to parties, is designed to accomplish the general purposes of discovery discussed under Rule 26, Rules of Civil Procedure, *supra*. 8 Wright and Miller, Federal Practice and Procedure, § 2162, at 484 (1970); 2A Barron and Holtzoff, Federal Practice and Procedure, § 761, at 278 (1961). While appellate courts adhere to the rule that "in matters of discovery, trial courts are vested with wide discretion, and their decisions will not ordinarily be disturbed," trial courts are admonished "that the rules of discovery are to be broadly and liberally construed to facilitate identifying the issues, promote justice, provide a more efficient and speedy disposition of cases, avoid surprise, and prevent the trial of a lawsuit from becoming a 'guessing game.' " Cornet Stores v. Superior Court, *supra*, 108 Ariz. 84, 492 P.2d at 1193.

■ We are of the opinion that the trial court failed to follow this admonition when it ruled that the number of interrogatories was "*prima facie* excessive, oppressive and unfair." Professors Wright and Miller in their analysis of Rule 33 of the Federal Rules of Civil Procedure, from which Arizona's Rule 33 is derived, state that:

"There is no limitation on the number of interrogatories that may be included in a set or on the number of sets of interrogatories that may be served. As initially adopted in 1938, Rule 33 provided that no party might, without leave of court, serve more than one set of interrogatories to be answered by the same party. Under the original rule there were also cases holding that the number of interrogatories should be relatively few and limited to the important facts of the case, though other cases recognized that there should be no numerical test and that the question was whether the interrogatories were reasonable in the particular case.

"The matter was resolved in the 1948 amendments. The limitation to one set of interrogatories was eliminated from Rule 33 and the following language was added: 'The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression.' Under this provision it was well understood that there was no longer any limitation on the number of sets of interrogatories and that the number of interrogatories is not limited except when the court is satisfied that the interrogatories would be unduly burdensome. The 1970 amendments make no change in these principles. Although the sentence added to Rule 33 in 1948 was not carried forward in the rule as amended in 1970, this is because the matter is now covered for all forms of discovery by the general provision in Rule 26(a) that, unless the court has granted a protective order under Rule 26(c), 'the frequency of use of these methods is not limited'." Wright and Miller, *supra*, § 2168, at 519–521.

It is thus clear that the number of interrogatories or of sets of interrogatories in and of itself is not grounds for relieving a party from answering them. The trial court must be satisfied that the interrogatories are "unduly burdensome" under the circumstances of the case. Kainz v. Anheuser-Busch, Inc., 15 F.R.D. 242 (D.C.Ill. 1954); Banana Serv. Co. v. United Fruit Co., 15 F.R.D. 106 (D.C.Mass.1953).

■■ In determining the issue of "undue burden" the trial court should consider the complexity of the issues presented by the litigation and whether the interrogato-

ries fairly and without repetition attempt to obtain information concerning these issues. *See*, Schwartz v. Schwerin, 85 Ariz. 242, 336 P.2d 144 (1959); Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746 (1958). In reviewing the interrogatories filed in this matter in this light we are unable to sustain the trial court's determination that the "number of interrogatories are [sic] *prima facie* excessive, oppressive and unfair."

In the instant case, the trial court proceeded to a ruling upon the general objection that the interrogatories were oppressive and without a specific and particular objection having been made against particular interrogatories. Since the trial court has not had an opportunity to hear specific objections to the interrogatories, our holding does not preclude the plaintiffs from seeking a protective order or otherwise objecting to answering all or some of the interrogatories in question as long as they satisfy their burden of showing why they should be relieved from answering the particular interrogatories objected to. The "burden of persuasion is on the objecting party to show that the interrogatories should not be answered." Cornet Stores v. Superior Court, *supra*, 108 Ariz. 84, 492 P.2d at 1193, citing 4A Moore's Federal Practice § 33.27, at 33–152 (2d ed. 1971); Kainz v. Anheuser-Busch, Inc., *supra*.

In fairness to the trial court, its order relieving plaintiffs from answering these interrogatories was apparently based in part on the avowal of plaintiffs that they would be available for oral deposition, hence, the interrogatories were unnecessary.

In this regard, we are of the opinion that a party is not compelled to choose and select among the devices of discovery to the exclusion of others.[1] Stonybrook Tenants Ass'n., Inc. v. Alpert, 29 F.R.D. 165 (D.C.Conn.1961). The use of depositions does not bar the use of interrogatories or vice versa. Professors Wright and

Miller succinctly analyze this point of procedure as follows:

"In the early days of the rules, when the view was held by some courts that interrogatories should be relatively few and limited to the important issues of the case, courts on occasion refused to require interrogatories to be answered if they believed that the information sought could be obtained more conveniently and efficiently by means of oral depositions. Although the court has the power to make such an order today, there should be little or no occasion for its exercise, since it is now recognized that interrogatories are not to be limited in the fashion suggested.

\* \* \* \* \* \*

"Subdivision (a) of Rule 26 now provides that, unless a protective order is granted, the frequency of use of the various methods of discovery is not limited and Rule 26(d) provides that, unless a protective order has issued, methods of discovery may be used in any sequence.

\* \* \* \* \* \*

"It will be recognized that under the 1970 formulation, as it has been since 1948, that the various discovery procedures are complementary. Although one court has said that the device of using two procedures successively may easily become an instrument for oppression, and that it should be carefully scrutinized by the courts, the burden is on the party objecting to discovery to show some hardship or injustice that use of the procedures successively will cause." Wright and Miller, *supra*, § 2169, at 521–523.

The various means of discovery may be used in any sequence and with unlimited frequency up to the point where a party shows "annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(a), (c), *supra*. The fact that a party is available for oral deposition is not sufficient to relieve that party from an ·

1. Rule 26(a), *supra*, sets forth the permitted methods of discovery.

swering interrogatories in the absence of the required showing of prejudice.

For the foregoing reasons, the relief requested by defendants to compel plaintiffs to answer the interrogatories in question is granted, without prejudice, however, to the plaintiffs from either seeking such further protective order or specifically objecting to particular interrogatories as they may deem fit.

Special action relief granted.

HAIRE, C. J., Division 1, and EUBANK, J., concur.