NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

GRACE ALEXANDER, *Petitioner/Appellant*,

*v.*

DAVID STADSKLEV, *Respondent/Appellee*.

No. 1 CA-CV 22-0299 FC
FILED 4-27-2023

Appeal from the Superior Court in Maricopa County
No. FN2020-095027
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

Paul D. Nordini, Esq., Scottsdale
By Paul D. Nordini
*Counsel for Petitioner/Appellant*

David Stadsklev, Cave Creek
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**P A T O N**, Judge:

¶1        Grace Alexander ("Wife") appeals the decree of dissolution of her marriage with David Stadsklev ("Husband").  We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Husband and Wife married in May 2009, and Wife filed the petition for dissolution in April 2020.  At some point, Husband created a business ("Compassion Connection"), though it is not clear from the record whether he did so before or after the parties married.  After marriage, the parties purchased stock in a company called Ark Sciences through Compassion Connection.  The parties, at various times during their marriage, assisted Husband's sister ("Sister") with renovating or restoring houses, which were owned by limited liability companies ("House Entities").

¶3        After a temporary orders hearing, Wife's counsel stopped responding to Wife's inquiries or otherwise participating in the matter.  Wife then obtained new counsel who appeared in a limited scope to review the case file and reappeared in a limited scope to request a continuance given prior counsel's absence.  The court granted the motion, and Wife's new counsel entered a full appearance in January 2021.

¶4        In April 2021, Wife moved to designate the petition as complex, continue the trial, and add Sister as a third-party defendant to the case.  Wife argued that an unknown community interest existed in the House Entities, and that Sister may also be liable for a community lien on the House Entities.  The court again continued the trial but denied Wife's two other motions.  Wife requested another continuance to conduct discovery in November 2021, which the court granted.

¶5        That same month, Wife moved to compel disclosure of information she believed that Husband possessed related to the House Entities.  Husband responded, arguing that the information either did not exist or belonged to Sister.  He claimed he was not compensated for any

work he may have done with Sister on home projects and that there was no business associated with the House Entities.

¶6         The court did not expressly rule on the motion to compel but implicitly denied relief by ordering Wife to file a pretrial statement and affirming a trial date in one week. The court also cautioned Husband's counsel that, "if during the trial, it becomes obvious that these documents are out there . . . [the court will] vacate the trial midway through" and award attorneys' fees to Wife for any delay.

¶7         Separately, Wife argued in her pretrial statement that Compassion Connection, which she alleged was owned by the community, ought to be dissolved and the sole asset of value within it—Ark Sciences stock—be awarded to her. She argued that the stock had "unknown" but "significant" or "potential value." Husband asked the court to award Compassion Connection to him because he claimed the business was established before the marriage began, and in any event it had no value in that the business and the stock were both worthless.

¶8         Wife proposed to call an expert to testify at trial as to what documents Husband ought to have in his possession as a corporate officer. In response and to clarify its earlier ruling, however, the court noted "[i]t was never [the court's] intention to allow the trial to be used as a forum of discovery" and said the expert would need to testify on some aspect relevant to trial, such as the value of the community's interest in the LLCs at issue. The court cautioned that "[Wife's] expert can't take the stand and testify that [Husband] has these documents if he doesn't know for a fact that he has these documents."

¶9         Wife, her expert, and Husband testified at trial. Neither party presented any testimony or exhibits concerning the value of the Compassion Connection entity or Ark Sciences stock.

¶10        After trial, the superior court found that the parties did not own any real property subject to division and that "[t]he parties have no interest or lien in any real property." The superior court awarded Compassion Connection to Husband.

¶11        Wife filed a motion to vacate the decree and compel additional discovery that the court considered under Arizona Rule of Family Law Procedure 83 and denied. We have jurisdiction over Wife's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

¶12 Husband did not file an answering brief, and while we may consider such failure to be a confession of error, we decline to do so, and instead address Wife's claims on their merits. *See Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6, n.1 (App. 2008).

¶13 Wife first contends that the marital community had an interest in the limited liability companies used for various home renovations over the years, and that the superior court abused its discretion by failing to order additional disclosures. But Wife did not bring a special action petition challenging the court's denial of her motion to compel disclosure. We therefore lack jurisdiction to consider Wife's argument because denials of motions to compel discovery or designate a case as complex are non-appealable pretrial discovery orders. *See Hine v. Super. Ct.*, 18 Ariz.App. 568, 569 (1972) (taking special action jurisdiction over a pretrial discovery order because it is unappealable).

¶14 Wife next argues that the superior court erred in its division of property by awarding the Ark Sciences stock to Husband through the Compassion Connection entity without evidence of the stock's value. We review the superior court's division of property in a dissolution decree for an abuse of discretion. *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014). We view the record in the light most favorable to sustaining the superior court and will affirm if the court's order is reasonably supported by the evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998). The value of an asset "is a factual determination that must be based on the facts and circumstances of each case." *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012) (citation omitted).

¶15 Neither party testified at trial as to the value of the Ark Sciences stock held by Compassion Connection. Wife admits that both parties presented "competing positions" in their respective pretrial statements as to whether the stock had any value, but Wife offered no affirmative evidence of a value greater than zero.

¶16 The superior court must divide community property equitably. A.R.S. § 25-318(A). But the party disputing a valuation has the burden to point to evidence that the court abused its discretion. *See In re Est. of Long*, 229 Ariz. 458, 464, ¶ 22 (App. 2012) (holding that burden is on party seeking to overturn a ruling to show an abuse of discretion). Here, Wife presented no evidence contradicting the court's implicit zero-dollar

valuation of Compassion Connection and the Ark Sciences stock it holds in the decree, so we cannot find an abuse of discretion.

## CONCLUSION

¶17        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA