The American Insurance Company, a Corporation, Plaintiff-Appellee, v. Jeanette Formeller, Defendant-Appellee, Francis S. Lorenz, Director of the Department of Public Works and Buildings of the State of Illinois, Appellant.

### Gen. No. 53,631.

First District, Fourth Division.

April 8, 1970.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John L. Kirkland and D. Kendall Griffith, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

The Director of the Illinois Department of Public Works and Buildings (hereinafter referred to as "Department") appeals from a judgment ordering Alex G. Malone, Supervisor of Claims of the Department, to be held in contempt of court and fined $10 for refusal to comply with a subpoena duces tecum requesting the disclosure of the method and manner of compliance of Louis J. Medina under the Financial Responsibility Law. (Ill Rev Stats 1967, c 95½, §§ 7–101 to 7–503.)

On December 22, 1964, the defendant was involved in an automobile accident with Louis J. Medina. Following the accident both defendant and plaintiff made inquiry of the Department with regard to liability insurance coverage on the vehicle driven by Medina. The Department's Bureau of Traffic responded to these inquiries by stating that Medina had "apparently complied in every respect with the provisions of the Safety Responsibility Law," but the Department was prohibited "from divulging the method of his compliance."

Thereafter the defendant filed a proceeding for arbitration before the American Arbitration Association against the plaintiff pursuant to the uninsured motorist provision of the insurance policy issued by plaintiff to defendant. Plaintiff then filed a declaratory judgment action contending that its policy was not applicable to the claim filed by defendant at the American Arbitration Association since she did not establish that she was involved in a collision with an "uninsured automobile" as defined in the policy. Defendant argued that she had complied with all of the policy provisions.

During the course of the declaratory judgment action plaintiff issued a subpoena duces tecum for the discovery deposition of George T. March, District Engineer of the Department, and requested the production of "any

and all written records showing the identity of the insurance carrier on the motor vehicle of Louis J. Medina, 4240 North Greenview Avenue, Chicago, Illinois, on December 22, 1964, the date upon which Mr. Medina was involved in an automobile accident with Mrs. Formeller, report of which was made to the State of Illinois, under Accident No. 5952."

On failing to appear, a rule to show cause was issued against Mr. March. On September 18, 1968, Alex G. Malone, the Supervisor of Claims of District Number 10, Department of Public Works and Buildings, an assistant to Mr. March, appeared in court and refused to comply with the subpoena. For failure to comply, March was held in direct contempt of court and fined $10. It is from this order that the Department appeals.

The Department points out that the Uniform Act Regulating Traffic on Highways, § 141, Ill Rev Stats 1967, c 95½, provides that the accident reports and the information as to the method of compliance and financial responsibility of those reporting shall be confidential and that the Financial Responsibility Law, § 7–215, Ill Rev Stats 1967, provides that neither the action taken by the Department, the findings of the Department "upon which such action is based, nor the security filed as provided in this section shall be referred to in any way, nor be any evidence of the negligence or due care of either party, at the trial of any action at law to recover damages." The Department argues that these statutes are a valid and constitutional exercise of the powers of the legislature, and that the trial court should have upheld Mr. March's refusal to comply with the subpoena.

Plaintiff contends that before an injured, insured motorist can file a claim against his own insurance carrier under an uninsured motorist clause within the policy, he must first have proof that the negligent driver was uninsured; by withholding the identity of this insurance

carrier, if any, the Department thus frustrates the purpose of these statutes, e. g., to assemble and supply information concerning funds available to compensate persons injured by another motorist's negligent operation of a vehicle.

The Uniform Act Regulating Traffic on Highways, Article IV, § 138, Ill Rev Stats 1967, c 95½, imposes a duty upon the driver of a vehicle involved in an accident resulting in injury or property damage over $100 to file a report with the Department. Section 140 of the same Article IV provides in part:

> (a) The department shall prepare . . . forms for accident reports required hereunder, which reports shall call for sufficiently detailed information to disclose with reference to a traffic accident the cause, conditions then existing, and the persons and vehicles involved. (Ill Rev Stats 1967, c 95½, § 140.)

Section 140 does not specifically require information regarding insurance to be reported. The Department learns of insurance coverage, or the lack of it, through the Financial Responsibility Law, §§ 7–201 and 7–202, Ill Rev Stats 1967, c 95½. As soon as practicable after the receipt of the accident report the Department determines whether a deposit of security is required and what amount of security shall be sufficient to satisfy any judgment or judgments for damages resulting from an accident. (Ill Rev Stats 1967, c 95½, § 7–201.) A security deposit is required to be filed unless the Department determines that the motorist comes within an exception to the security deposit requirement. (Ill Rev Stats 1967, c 95½, § 7–202.) Several of these exceptions deal with automobile liability insurance coverage. Therefore, in deciding whether a security is required, the Department must necessarily learn whether a motorist carries insurance, and if he is insured, what company issued the policy to him.

248

It is at this point that the Department argues that a report filed under section 138, "Duty to Report Accident," is made confidential, according to Article IV, § 141, which provides:

> (a) All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the department except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have made such a report, or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirement that such a report be made to the department. (Ill Rev Stats 1967, c 95½, § 141.)

However, section 141 protects the confidentiality of only that information required by section 140 to be reported in the accident report form—"detailed information to disclose with reference to a traffic accident the cause, conditions then existing, and the persons and vehicles involved." The purpose of section 141 is to encourage automobile accident victims to file truthful and complete reports of an accident without the fear that this information will be used against them in subsequent lawsuits charging them with negligence or lack of due care. Since section 140 does not require information regarding insurance, and as section 141 fails to provide that the identity of an insurance carrier be kept confidential, we believe that the disclosure of the name of

the insurance carrier does not come within the category of information protected by section 141.

■ The Department further contends that section 7–215 of the Financial Responsibility Law hereinabove referred to bars the disclosure of insurance information. In our opinion this section does not prohibit the disclosure of information regarding insurance coverage during a discovery proceeding. See People ex rel. Terry v. Fisher, 12 Ill2d 231, 145 NE2d 588.

■ The disclosure of insurance information will enable an innocent accident victim to determine whether to seek damages from the other party to the accident or from his own insurance company if that party was uninsured. Conversely, the insurance company against whom a claim is made under the uninsured motorist provision of a policy should be able to learn from the Department whether the party charged with negligence was in fact uninsured.

The judgment is affirmed.

Affirmed.

STAMOS, P. J. and ENGLISH, J., concur.