[No. 1819-1.    Division One—Panel 1.    February 20, 1973.]

CHRISTIAN MEBUST et al., *Petitioners*, v. MAYCO
MANUFACTURING COMPANY et al., *Respondents.*

*Schroeter, Jackson, Goldmark, Bender, Anderson, Whelan, Brothman & Leed, P.S.,* and *Paul Whelan,* for petitioners.

*Rutherford, Kargianis & Austin* and *Samuel C. Rutherford,* for respondents.

*Slade Gorton, Attorney General,* and *Charles R. Bush, Assistant,* amicus curiae.

JAMES, J.—By this action Christian Mebust seeks damages for personal injuries sustained in an industrial accident. His time loss and medical expenses are covered by industrial insurance, and this is a "third-party" action against Mayco Manufacturing Company authorized by RCW 51.24.010.

For discovery purposes, Mayco sought, and over Mebust's objection, obtained an order requiring a representative of the Department of Labor and Industries to attend a deposition hearing and produce Mebust's industrial insurance file

in compliance with a subpoena duces tecum. We granted Mebust's petition for a writ of review pursuant to CAROA 57(b)(6) and permitted the Department of Labor and Industries to appear and file a brief as amicus curiae pursuant to CAROA 41(4).

A single question is presented: Does RCW 51.28.070, by making industrial insurance claim files and records "confidential," place them beyond the reach of judicial discovery process? Mebust and the department assert that it does.

RCW 51.28.070 provides as follows:

> Claim files and records confidential. Information contained in the claim files and records of injured workmen, under the provisions of this title, *shall be deemed confidential and shall not be open to public inspection* (other than to public employees in the performance of their official duties), but representatives of a claimant, be it an individual or an organization, may review a claim file or receive specific information therefrom upon the presentation of the signed authorization of the claimant. Employers or their duly authorized representatives may review the files of their own injured workmen.

(Italics ours.)

The question of whether RCW 51.28.070 makes industrial insurance claim files "absolutely confidential and [beyond the reach of] members of the public whether for judicial purposes or otherwise" was considered, but not decided, in *Sherman v. Mobbs*, 55 Wn.2d 202, 206, 347 P.2d 189 (1959). The court submitted, however, that in a proper case, such records might be reached because, as pointed out in *State ex rel. Haugland v. Smythe*, 25 Wn.2d 161, 169 P.2d 706, 165 A.L.R. 1295 (1946) statutorily imposed "confidentiality" is not necessarily the equivalent of testimonial "privilege."

> It does not necessarily follow from the use of the word "*confidential*," that it was the legislative intention that this word have the same import as the word "privileged."
>
> . . .
>
> The intention of the lawmaking body to place the autopsy report in a class which is not subject to judicial inquiry or process cannot be determined by the word

"confidential" as used alone in the cited section of the statute. The legislative intent must be gleaned from an examination of the enactment in its entirety.

*State v. Thompson,* 54 Wn.2d 100, 104, 338 P.2d 319 (1959).

■ The effective administration of justice requires strict circumscription of the limits of testimonial privilege.

It is an inherent power of a court of justice, within the sphere of its jurisdiction, to compel witnesses to appear before it and testify concerning any relevant facts within their knowledge, in a case then pending in that court. Without such power, courts would cease to function and causes presented to them could not be conducted.

"It is a general rule of law and necessity of public justice that every person is compellable to bear testimony in the administration of the laws by the duly constituted courts of the country." 28 R.C.L. 419, Witnesses, § 3.

For several centuries it has been recognized as a fundamental maxim that it is the general duty of every man to give what testimony he is capable of giving. Any exemptions from that positive general rule are distinctly exceptional.

*State ex rel. Haugland v. Smythe, supra* at 167.

We would be disposed to rule that the "confidential" status afforded industrial insurance claim files does not place them beyond the reach of *any* judicial process. Mebust and the department assert, however, that the ruling in *Folden v. Robinson,* 58 Wn.2d 760, 364 P.2d 924 (1961) requires us to hold that they are. In *Folden* the defendant in a personal injury action "subpoenaed *duces tecum*" an official of the State Department of Employment Security requiring the production of plaintiff's file *at trial.* The Attorney General was permitted to appear specially with a motion to quash the subpoena. The statute there in question, RCW 50.12.110, has language substantially indistinguishable from that in RCW 51.28.070.

Information obtained from employing unit records under the provisions of this title or obtained from any individual pursuant to the administration of this title

*shall be confidential and shall not be published or be open to public inspection . . .*

(Italics ours.)

After acknowledging its ruling in *Sherman v. Mobbs, supra,* the court, without elaboration, stated its conclusion that:

> It is clear that, in enacting RCW 50.12.110, the legislature intended to establish a rule of *evidence* making the records of the department of employment security confidential.

(Italics ours.) *Folden v. Robinson, supra* at 767.

We are bound, of course, to respect the ruling. And we agree that if RCW 50.12.110 establishes a "rule of evidence" which makes a personal injury plaintiff's employment security file inadmissible *at trial,* RCW 51.28.070 likewise establishes a similar rule for a personal injury plaintiff's industrial insurance file.

██ But the question we review does not involve a "rule of evidence." CR 26(b)(1), which authorizes the discovery undertaken by Mayco, expressly provides that:

> It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

We recognize that CR 26 also expressly exempts from discovery, matters which are "privileged." But neither RCW 50.12.110 nor RCW 51.28.070 makes the contents of claimants' files "privileged" as that concept is articulated in Washington's "privileged communications" statute, RCW 5.60.060.[1] And significantly, neither does the ruling in *Folden.*

---

[1] "Who are disqualified—Privileged communications. (1) A husband shall not be examined for or against his wife without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either during marriage or afterward, be without the consent of the other, examined as to any communication made by one to the other during marriage. But this exception shall not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other,

In deference to "discovery's" enlightened purpose, we are persuaded that the rule of *Folden* should not be augmented to establish more than a "rule of evidence."

> Our discovery rules are taken almost verbatim from the Federal Rules of Civil Procedure. The pretrial deposition-discovery provisions of these rules were among the most significant innovations contained in the federal rules. They were designed to eliminate the "hide and seek" trial practices encouraged by earlier procedures. They serve to narrow the issues and provide access by all parties to the facts pertinent to these issues. It is well settled that these rules are to be given a broad and liberal construction.

*McGugart v. Brumback*, 77 Wn.2d 441, 444, 463 P.2d 140 (1969). The trial judge did not err in ordering the production of Mebust's industrial insurance file for discovery purposes. By this ruling we do not, however, imply that Mebust may not, pursuant to RCW 5.60.060, claim privilege as to specific material contained in the file.

Accordingly, the order compelling production of Mebust's industrial insurance file for discovery purposes is affirmed.

Swanson, C.J., and Farris, J., concur.

---

nor to a criminal action or proceeding for a crime committed by said husband or wife against any child of whom said husband or wife is the parent or guardian.

"(2) An attorney or counselor shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment.

"(3) A clergyman or priest shall not, without the consent of a person making the confession, be examined as to any confession made to him in his professional character, in the course of discipline enjoined by the church to which he belongs.

"(4) A regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him to prescribe or act for the patient, but this exception shall not apply in any judicial proceeding regarding a child's injuries, neglect or sexual abuse, or the cause thereof.

"(5) A public officers shall not be examined as a witness as to communications made to him in official confidence, when the public interest would suffer by the disclosure."