[Civ. No. 44740. Second Dist., Div. Three. Nov. 27, 1974.]

THE STATE OF CALIFORNIA ex rel.
DIVISION OF INDUSTRIAL SAFETY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
A. D. BOURNE et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Robert H. Francis and Joseph M. O'Heron, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Harney, Bambic & Moore and Richard B. Wolfe for Real Parties in Interest.

## Opinion

**COBEY, Acting P. J.**—We have before us in this extraordinary writ proceeding the question of whether a discovery order of respondent superior court violates the official information privilege.[1] The discovery order at issue was entered upon motion of the real parties in interest in their four personal injury and wrongful death actions that arose out of the collapse of a bridge, under construction by Polich-Benedict Construction Co., over the Arroyo-Seco near Pasadena. The order directs certain agencies of the State of California that are codefendants with Polich in these actions, including the Division of Industrial Safety (Division): (1) to answer interrogatories by identifying certain documents and materials in their possession; (2) to answer questions, through their deponents, concerning pre-collapse reports, investigations, complaints and procedures; and (3) to produce documents in their possession containing pre-collapse information, reports, etc. Only the Division challenges the order.[2]

### I

### Absolute Privilege

The Division takes the position that *all* of the information sought by the real parties in interest is *absolutely* privileged from disclosure. It points, first, to the provisions of Labor Code section 6322; Government Code sections 6254 and 6255; and Evidence Code section 1040, subdivisions (a) and (b)(1), and section 915, subdivision (a).[3] According to the Division,

---

[1] The petition before us also challenges the scope of the discovery order. We leave the question of whether the order should be modified in this respect to the court making it. We decide only the question we have posed.

[2] The Division sought writs of prohibition herein, but we issued an alternative writ of mandate. This we may do. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 183-184, pp. 3942-3944.)

We note from respondent court's files, of which we have taken judicial notice pursuant to the provision therefor in our alternative writ of mandate, that Polich-Benedict received notice of the motion of real parties in interest for the discovery order but apparently did not appear at the hearing thereof or otherwise oppose the motion. Polich-Benedict is not a real party in interest in these proceedings. Consequently, we do not here pass upon whatever rights, if any, that Polich-Benedict may possibly have to object to any part of the discovery order.

[3] Labor Code section 6322 in relevant part reads: "All information reported to or otherwise obtained by the chief or his representatives in connection with any inspection or proceeding of the division which contains or which might reveal . . . infor-

these sections provide an absolute privilege. Second, the Division points to its statutorily enjoined policy of nondisclosure of information obtained from confidential sources concerning either the failure of any person to keep any place of employment safe, or the violation of any safety order, rule or regulation. This policy was established upon the creation of the Division's predecessor in 1913 (Stats. 1913, ch. 176, § 70, p. 310), has continued to receive legislative recognition despite several changes in the statutes governing the Division (Stats. 1917, ch. 586, § 52, p. 866; Stats. 1937, ch. 90, § 6319, p. 308; Stats. 1945, ch. 1431, § 89, p. 2700; Stats. 1970, ch. 575, § 5, p. 1151), and currently receives such recognition, as it always has, in the form of a misdemeanor penalty for disclosure of the Division's confidential information. (Lab. Code, § 6322.) The Division

---

mation that is confidential pursuant to . . . [the California Public Records Act] shall be considered confidential, . . . . Violation of this section is a misdemeanor."

Government Code section 6254, to the extent claimed to be relevant by the Division, reads: ". . . nothing in . . . [the California Public Records Act] shall be construed to require disclosure of records that are:

". . . . . . . . . . . . . . . . . .

"(b) Records pertaining to pending litigation to which the public agency is a party, or to claims made pursuant to Division 3.6 . . . of Title 1 of the Government Code, until such litigation or claim has been finally adjudicated or otherwise settled;

". . . . . . . . . . . . . . . . .

"(f) Records of complaints to or investigations conducted by, . . . any state . . . police agency, or any such investigatory . . . files compiled by any other state . . . agency for correctional, law enforcement or licensing purposes;

". . . . . . . . . . . . . . . . .

"(k) Records the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege.

". . . . . . . . . . . . . . . .

"Nothing in this section is to be construed as preventing any agency from opening its records concerning the administration of the agency to public inspection, unless disclosure is otherwise prohibited by law."

Government Code section 6255 in relevant part reads: "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of . . . [the California Public Records Act]."

Evidence Code section 1040 in relevant part reads: "(a) As used in this section, 'official information' means information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made.

"(b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and:

"(1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; . . ."

Evidence Code section 915, subdivision (a), reads: "(a) Subject to subdivision (b), the presiding officer may not require disclosure of information claimed to be privileged under this division in order to rule on the claim of privilege."

argues that this 60-year-old legislatively established policy against disclosure of official information is one of absolute privilege protecting anything of consequence in its files from disclosure.

We disagree with this blanket claim of absolute privilege.[4] The pivotal provision on which the Division relies—Labor Code section 6322—on its face protects from disclosure *only* information that is confidential under the California Public Records Act. In enacting the latter statute, the Legislature expressly found and declared that, though mindful of the right of individuals to privacy, "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (Gov. Code, § 6250.) Manifestly, the work of the Division of Industrial Safety is part of "the people's business." Its claim of absolute privilege therefore is inconsistent with the general policy of the act, which favors disclosure. Accordingly, support for its claim must be found, if at all, among the specific exceptions to the general policy that are enumerated in the Act.

Three such exceptions are relied on by the Division: subdivisions (b), (f), and (k) of Government Code, section 6254, which are set forth in footnote 3 above. We do not see, however, how the first of these exceptions can possibly apply to the question before us. Subdivision (b) exempts from disclosure records "pertaining to" pending litigation to which a public agency is a party. This essentially provides public agencies with the protection of the attorney-client privilege, including work product, for a limited period while there is ongoing litigation. As we construe the challenged order, it does not require the disclosure of any documents or records coming within the attorney-client privilege.[5]

Subdivision (f) is likewise inapplicable since the Division, in our view, does not compile investigatory files for "correctional, law enforcement or licensing purposes." The Division clearly performs no correctional or licensing functions. It is engaged, though, in the enforcement of certain aspects of the California Occupational Safety and Health Act of 1973.

---

[4]In so holding, we are mindful of Chief Justice Burger's recent admonition that: "Whatever their origins, . . . exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." (*United States* v. *Nixon* (1974) 418 U.S. 683, 710 [41 L.Ed.2d 1039, 1065, 94 S.Ct. 3090] (fn. omitted).)

[5]The real parties in interest have requested this court to broaden the challenged discovery order to post-collapse information, but we decline to do so. Whether the order should be so broadened is a matter that first must be submitted to the trial court.

(Lab. Code, §§ 6300, 6302, subd. (d), 6307, 6308.) It does make investigations in the course of such enforcement (Lab. Code, § 6309) and it undoubtedly compiles files of its investigations. But to our way of thinking *all* of such files are not necessarily files compiled for "law enforcement purposes" within the meaning of the subdivision. The adjective "law enforcement," as used in the subdivision, refers to law enforcement in the traditional sense—that is, to the enforcement of penal statutes, etc. Unless there is a concrete and definite prospect of such criminal law enforcement, the subdivision does not apply. We say this because we suspect that every administrative agency in state government enforces one or more statutes and in the course of such enforcement conducts investigations and, as an incident thereto, compiles investigatory files. Surely the Legislature did not intend to include within the official information privilege all of such files because, if it did, the exception of nondisclosure would swallow the general policy of disclosure enunciated in the preamble to the California Public Records Act. Rather the subject matter of the protected files must relate to the same type of criminal law enforcement subject matter as is covered generally by the immediately preceding provisions of the subdivision. (See *Uribe* v. *Howie,* 19 Cal.App.3d 194, 212-213 [96 Cal.Rptr. 493].) The Division apparently does not claim that any of the information required by the challenged discovery order falls within the category protected by subdivision (f), as we have construed it.

This leaves subdivision (k) as the only potentially applicable subdivision of section 6254. But this subdivision—like Evidence Code section 1040, subdivision (b)(1)—refers only to records the disclosure of which is exempted or prohibited "pursuant to provisions of federal or state law." The Division has referred us to no constitutional, statutory or decisional law (see Evid. Code, § 160) other than the statutes we have already quoted and discussed, and certain cases that are not controlling, to support its contention that *all* of its records and observations are absolutely privileged from disclosure.

We hold that the law is otherwise. The long established policy of confidentiality of the Division's files has now been made subject by Labor Code section 6322 to the requirements of disclosure enunciated in the California Public Records Act. Under this statute information contained within the files of the Division is not absolutely privileged from disclosure in these tort cases and appropriate personnel of the Division may be questioned regarding such information.

Following oral argument, the Attorney General filed a supple-

mental memorandum with this court discussing certain regulations issued by the United States Department of Labor pursuant to the federal Freedom of Information Act (5 U.S.C. § 552 et seq.), which is similar to our Public Records Act. The Attorney General contends in his memorandum that the terms "law enforcement" and "investigatory files" in Government Code section 6254, subdivision (f), should be given the same interpretations those terms have been given in the regulations of the United States Department of Labor.

But the interpretations cited by the Attorney General reflect the point of view of the agency. They have not been approved by the federal courts. Indeed these courts generally have given the term "investigatory files" a narrow scope and have limited its application to situations where the prospect of future enforcement proceedings is "concrete." (See *Bristol-Myers Co.* v. *F.T.C.* (1970) 424 F.2d 935, 939 [138 App.D.C. 22], cert. den., 400 U.S. 824 [27 L.Ed.2d 52, 91 S.Ct. 46]; but see *Cowles Communications, Inc.* v. *Department of Justice* (N.D. Cal. 1971) 325 F.Supp. 726, 727.) *Bristol-Myers Co.* has been followed in California (*Uribe* v. *Howie, supra,* 19 Cal.App.3d at pp. 212-213), and we adopt its view as our own.

## II

### CONDITIONAL PRIVILEGE

■ We believe, though, that the matter ordered disclosed by the challenged order is *conditionally* privileged from disclosure under the aforementioned Labor Code section 6322, Government Code sections 6254, 6255, and Evidence Code section 1040, subdivision (b)(2).[6] But we hold, for reasons hereafter stated, that in making the challenged discovery order,

---

[6]Government Code section 6255, so far as here relevant, reads:
"The agency shall justify withholding any record by demonstrating . . . that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

Evidence Code section 1040, subdivision (b)(2), in relevant part, reads:

"(b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and:

" . . . . . . . . . . . . . . . . . .

"(2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; . . . In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered."

the trial court did not abuse the discretion granted to it by Government Code section 6255, and Evidence Code section 1040, subdivision (b)(2). (Cf. *Pacific Tel. & Tel. Co.* v. *Superior Court,* 2 Cal.3d 161, 171 [84 Cal.Rptr. 718, 465 P.2d 854].)

The Division argues to the contrary that it can best perform its statutory responsibility of making the employment of every employee in this state safe (see Lab. Code, § 6307) only if the employers and employees with which its personnel work know that anything disclosed by them to the Division, or observed by the Division's personnel, is *completely* confidential. The Division points out that both employers and employees may refuse to cooperate fully with the Division if they think that any adverse information concerning them in the Division's files may be discoverable and used against them elsewhere.

We think, nevertheless, that the possibility of later discovery of adverse information in the Division's files may have the opposite effect in terms of achievement of the basic objective of the Division's operations—namely, industrial safety in California. Employers may be more careful of the safety of their employees and employees more mindful of any violations by their employers of safety requirements once employers and employees have learned that the violation of such requirements in an appropriate case may have adverse consequences for employers beyond those within the Division's jurisdiction. Moreover, the Division itself may be more zealous in enforcing safety requirements if it knows that parties to tort actions may discover within the Division's files material relevant to the charges of negligence made in such actions provided such material is not protected by the official information privilege. Finally, we are not convinced that the Division's sources of information will "dry up" if such discovery is permitted. Employers and their agents who fail to respond to the Division's requests for information are guilty of a misdemeanor. (Lab. Code, § 6314, subd. (b).) As to their employees, specific provisions of the Labor Code protect them from employer retaliation for reports to the Division. (Lab. Code, §§ 6310-6312.) Therefore, we agree with the trial court that on balance "the public interest will be better served by the limited disclosure ordered here."[7]

---

[7]We leave to the trial court for initial determination the question of how best to give effect to the conditional privilege recognized in this opinion. (See Evid. Code, § 915, subd. (b).)

The alternative writ of mandate heretofore issued is discharged. A peremptory writ of mandate will not be issued.

Allport, J., and Loring, J.,* concurred.

A petition for a rehearing was denied December 10, 1974, and petitioner's application for a hearing by the Supreme Court was denied January 23, 1975.

*Assigned by the Chairman of the Judicial Council.