136 N.J. Super. 127 (1975)
344 A.2d 792
MARILYN A. YOUNG, GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF STANLEY M. YOUNG, DECEASED, AND MARILYN A. YOUNG, INDIVIDUALLY, PLAINTIFFS,
v.
HENRY J. KING, SUN IL CHONG AND NORTH HUDSON HOSPITAL ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 5, 1975.
*129 Mr. Francis X. Dorrity for plaintiffs.
Mr. John W. Reinman for defendants Drs. King and Chong (Messrs. Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys).
Mr. Justin B. Parkerton for defendant North Hudson Hospital Association (Mr. Edward E. Kuebler, attorney).
BILDER, J.S.C.
This is a motion by a plaintiff in a medical malpractice action to compel a defendant hospital to produce the records of four hospital committees  the Medical Records and Audit Committee, the Tissue Committee, the Infection Control Committee, and the Medical Council  insofar as they refer to the patient and incident which are the subject matter of this suit. The codefendant doctors join in plaintiff's application.
The basic suit is a medical malpractice death action brought against a hospital and treating doctors in which it is alleged that the decedent died as a result of a staph infection which he contracted while a patient in the hospital and which was not diagnosed or treated properly.
Initially it should be noted that plaintiff does not seek information concerning other patients or other incidents but limits his request to those parts of the minutes of the aforementioned committees concerning the treatment rendered to plaintiff's decedent during his hospitalization and concerning his death. Plaintiff also specifically excludes any request for the records of the Utilization Review Committee. See N.J.S.A. 2A:84A-22.8.
Defendant hospital resists the demand on the ground that the requested records are protected by the patient-doctor privilege, N.J.S.A. 2A:84A-22.2, and the further ground that N.J.S.A. 2A:84A-22.8 inferentially includes all review committees.
*130 As to the first ground, since the request is limited to this patient's records so that no third parties are involved, the privilege does not apply. See Osterman v. Ehrenworth, 106 N.J. Super. 515 (Law Div. 1969).
As to the second ground  the application of N.J.S.A. 2A:84A-22.8  the Utilization Review Committee is a specific committee, a word of art so to speak. It is an integral part of the utilization review plan required in order to qualify under the Social Security Act and thus participate in federal and state funded programs. See 42 U.S.C.A. 1395x et seq.; N.J.S.A. 30:4D-1 et seq. The Legislature provided special protection to such committees and their members in order to encourage "willing participation" and "thus effectively to implement the provisions of Medicare and other health care measures." Statement accompanying Senate Bill 559 (L. 1970, c. 313).
Our rules of civil procedure provide for the broadest discovery, and any information that may lead to discovery of admissible evidence is discoverable unless privileged. R. 4:10-2. This includes records of hospital committees where it does not impinge upon a third-party patient-doctor privilege. See Gureghian v. Hackensack Hospital, 109 N.J. Super. 143 (Law Div. 1970), where the court ordered production of a report of the Perinatal Mortality Committee of the Department of Obstetrics and Gynecology. The specific and special protection the Legislature has afforded utilization review committees by N.J.S.A. 2A:84A-22.8 should not be broadened to include other committees and thus frustrate our discovery rules.
Motion granted subject to appropriate protection against the discovery of privileged matter.