544 P.2d 653

Leslie L. BANTA and Ruth Banta,
his wife, Petitioners,

v.

The SUPERIOR COURT OF MARICOPA
COUNTY, Charles L. Hardy, Judge of The
Superior Court of Maricopa County, Ed-
ward B. Diethrich and Jane Doe Diethrich,
his wife, and Edward B. Diethrich, M.D.
& Associates, P.A., Respondents.

No. 12381.

Supreme Court of Arizona,
En Banc.

Jan. 15, 1976.

O'Connor, Cavanagh, Anderson, Westov-
er, Killingsworth & Beshears, by Harry J.
Cavanagh, Phoenix, for petitioners.

Burch, Cracchiolo, Levie, Guyer & Weyl
by K. C. Weyl, and Martori, Meyer, Hen-
dricks & Victor by Andrew D. Hurwitz
and Edwin F. Hendricks, Phoenix, for re-
spondents.

HAYS, Justice.

We accepted this special action to review
a motion granted by the respondent judge
of the Superior Court of Maricopa County
to compel certain discovery in a suit by the
petitioners against the respondents Dieth-
rich and the professional association.

The suit is a medical malpractice action
arising out of the performance of a coro-
nary bypass operation upon the plaintiff,
Leslie Banta, by the defendant Diethrich.
The defendants deposed three cardiovascu-
lar surgeons who had been listed as expert

witnesses who would testify on behalf of the plaintiffs. The defendants then filed a motion to compel discovery from these same surgeons to answer questions regarding the identity of patients upon whom they have performed heart surgery. The motion was granted and is the subject of this special action.

The petitioners contend that the information sought is within the physician-patient privilege and that if it is not, it is nonetheless beyond the scope of proper discovery.

Communications between a physician and his patient for the purpose of treatment or the possibility of treatment are privileged from being divulged in a civil proceeding. ARS § 12–2235; *Lewin v. Jackson*, 108 Ariz. 27, 492 P.2d 406 (1972). The facts and dates of a patient's visit have been held to be outside the privilege. *Throop v. F. E. Young and Company*, 94 Ariz. 146, 382 P.2d 560 (1963); *In re Albert Lindley Lee Memorial Hospital*, 209 F.2d 122 (2d Cir. 1953), *cert. denied*, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104; *McCormick's Handbook of the Law of Evidence* (2d ed., Cleary), § 100.

However, the three surgeons involved in this case have been deposed as the plaintiffs' expert witnesses, and none of them is in any way connected with the underlying medical malpractice action. Their testimony is offered as opinions on the standard of care and treatment commonly practiced by cardiovascular surgeons. *Kronke v. Danielson*, 108 Ariz. 400, 499 P.2d 156 (1972). The physician-patient privilege is inapplicable.

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action or which is reasonably calculated to lead to the discovery of admissible evidence including the opinions held by experts. Rule 26(b), Rules of Civil Procedure.

The testimony of the medical experts is specifically intended to establish the standard of care with regard to informing a patient of the risks involved in coronary bypass surgery. What one physician told a patient is not relevant to the standard of care generally maintained nor can a patient of that physician testify for purposes of impeaching the expert's testimony. A witness cannot be impeached by producing extrinsic evidence to contradict the testimony concerning a collateral issue; the answer of the witness is binding. *State v. Mangrum*, 98 Ariz. 279, 403 P.2d 925 (1965); *McCormick's Handbook of the Law of Evidence*, *supra*, at § 47.

In matters of discovery, a trial judge is vested with wide discretion. *Cornet Stores v. Superior Court*, 108 Ariz. 84, 492 P.2d 1191 (1972). However, the scope of the order entered in this case is beyond the scope of proper discovery.

The order of the trial court is vacated and the case remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.