595 P.2d 166

**The INDUSTRIAL COMMISSION of Arizona, Petitioner,**

v.

**The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA, and Roger G. Strand, a Judge thereof, and Robert Friend, real party in interest, Respondents.**

**No. 14203.**

Supreme Court of Arizona, In Banc.

May 8, 1979.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona by David A. Griffiths, Phoenix, for petitioner.

Carmichael, McClue, Stephens & Toles by M. Jeremy Toles, Phoenix, for respondent Robert Friend.

STRUCKMEYER, Vice Chief Justice.

This special action was brought to prohibit the Superior Court of Maricopa County from enforcing its order requiring an *in camera* inspection of facts and information obtained in an investigation by the Occupational Health and Safety Division of the Industrial Commission. Prayer for relief granted.

On April 11, 1977, Robert Friend, real party in interest, brought a personal injury action in the Superior Court against Tibshraeny Brothers Construction, Inc., alleging that the construction company was grossly negligent in maintaining unsafe working conditions. The Industrial Commission was served with a subpoena *duces tecum* by Friend's attorney, requesting among other things all records regarding its investigation of Friend's accident, the names and addresses of contractors working on the job site on the day of the accident, photographs of the scene of the accident, and statements of witnesses. The Commission moved for a Protective Order. The Superior Court directed that the records of

the Occupational Health and Safety Division be produced for an *in camera* inspection by the court. Petitioner asserts that the Superior Court acted in excess of its jurisdiction because by statute all information developed by the Arizona Occupational Health and Safety Division in its investigation is privileged and is not subject to discovery.

A.R.S. § 23–408D provides:

"Information and facts developed by the commission, the director or any employee of the commission or division in the course of any investigation may be used for the purposes of this article only and shall not be admissible in any court or before any administrative body except pursuant to the provisions of this article."

Two prohibitions are contained in the statute. First, information and facts developed in the course of any investigation may not be used except for the purposes of the Arizona Safety and Health Act of 1972 (Art. 10 of Title 23, A.R.S. § 23–401 et seq.). Second, such information and facts shall not be admissible in any court or before any administrative body. We consider the latter prohibition first.

In *Cornet Stores v. Superior Court in and for County of Yavapai*, 108 Ariz. 84, 86, 492 P.2d 1191, 1193 (1972), we held:

" * * * the rules of discovery are to be broadly and liberally construed to facilitate identifying the issues, promote justice, provide a more efficient and speedy disposition of cases, avoid surprise, and prevent the trial of a lawsuit from becoming a 'guessing game.' *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Watts v. Superior Court*, 87 Ariz. 1, 347 P.2d 565 (1959), and citations; *DiPietruntonio v. Superior Court*, 84 Ariz. 291, 327 P.2d 746 (1958)."

Parties may, as a general rule, discover matters not privileged which are relevant to the subject matter involved in a pending action or which are reasonably calculated to lead to the discovery of admissible evidence. *Banta v. Superior Court of Maricopa County*, 112 Ariz. 544, 545, 544 P.2d 653, 654 (1976). Privileges from discovery lead to

the suppression of truth and the defeat of justice. They are therefore to be limited narrowly to their purposes. *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Assured Investors Life Insurance Co. v. National Union Associates, Inc.*, 362 So.2d 228 (Ala.1978); *Tatkin v. Superior Court for County of Los Angeles*, 160 Cal.App.2d 745, 326 P.2d 201 (1958); *Larson v. Montpetit*, 275 Minn. 394, 147 N.W.2d 580 (1966). Accordingly, statutes creating evidentiary privileges are strictly construed. *See St. Regis Paper Co. v. United States*, 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961); *Kuklis v. Hancock*, 428 F.2d 608 (5th Cir. 1970) (applying Florida law); *Sullivan v. Superior Court for County of San Mateo*, 29 Cal.App.3d 64, 105 Cal. Rptr. 241 (1972); *American Insurance Co. v. Formeller*, 123 Ill.App.2d 244, 263 N.E.2d 262 (1970); *Marchand v. Henry Ford Hospital*, 398 Mich. 163, 247 N.W.2d 280 (1976); *Larson v. Montpetit*, supra; *Barry v. Horne*, 117 N.H. 693, 377 A.2d 623 (1977); *Young v. King*, 136 N.J.Super. 127, 344 A.2d 792 (1975); *Mebust v. Mayco Manufacturing Co.*, 8 Wash.App. 359, 506 P.2d 326 (1973); *Davison v. St. Paul Fire & Marine Insurance Co.*, 75 Wis.2d 190, 248 N.W.2d 433 (1977).

Respondents' position is that although the statute, § 23–408 D, provides that information developed through the Commission's investigation cannot be used in court, such information is still subject to discovery because it may lead to the disclosure of other relevant admissible evidence. Petitioner replies that its investigative records should be kept confidential in order to effectively carry out the purpose of the Arizona Safety and Health Act of 1972; that is, "to assure so far as possible every working man, woman and child in the state safe and healthful working conditions * * *." See Ch. 136, § 1, Laws of 1972.

In *Mebust v. Mayco Manufacturing Co.*, supra, as part of its discovery, the defendant in the action obtained an order requiring an employee of the Department of Labor and Industries to attend a hearing at which he was to produce the plaintiff's in-

dustrial insurance file. The Department of Labor and Industries argued on review that its files were confidential and beyond the reach of discovery, basing its claim on the Washington statute (RCW 51.28.070), which provided: "Information contained in the claim files and records of injured workmen, * * * shall be deemed confidential and shall not be open to public inspection * *." The Washington Court of Appeals first stated that it did not equate the word "confidential" with "privileged." In noting the inherent power of the courts to compel discovery, it held that the confidential status afforded industrial insurance claims does not place them beyond the reach of discovery.

In the instant case, the literal language of the statute prohibiting the use in court of investigative facts and information does not of itself prevent discovery of the Occupational Health and Safety Division's reports. Since such statutes are to be strictly construed, the prohibition under consideration does not forbid discovery of relevant facts and information. That the information may not be admissible at a trial does not make it non-discoverable, providing it "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Rules of Civil Procedure, 16 A.R.S.

However, the second prohibition presents a more difficult question.

The Industrial Commission's argument that its files must be kept confidential in order to carry out its duties under the Arizona Safety and Health Act of 1972 is essentially the same one made in *California Division of Industrial Safety v. Superior Court for County of Los Angeles*, 43 Cal. App.3d 778, 117 Cal.Rptr. 726 (1974):

"The Division argues * * * that it can best perform its statutory responsibility of making the employment of every employee in this state safe (see Lab.Code, § 6307) only if the employers and employees with which its personnel work know that anything disclosed by them to the Division, or observed by the Division's personnel, is *completely* confidential. The Division points out that both employ-

ers and employees may refuse to cooperate fully with the Division if they think that any adverse information concerning them in the Division's files may be discoverable and used against them elsewhere.

We think, nevertheless, that the possibility of later discovery of adverse information in the Division's files may have the opposite effect in terms of achievement of the basic objective of the Division's operations—namely, industrial safety in California. Employers may be more careful of the safety of their employees and employees more mindful of any violations by their employers of safety requirements once employers and employees have learned that the violation of such requirements in an appropriate case may have adverse consequences for employers beyond those within the Division's jurisdiction. Moreover, the Division itself may be more zealous in enforcing safety requirements if it knows that parties to tort actions may discover within the Division's files material relevant to the charges of negligence made in such actions provided such material is not protected by the official information privilege. Finally, we are not convinced that the Division's sources of information will 'dry up' if such discovery is permitted. Employers and their agents who fail to respond to the Division's requests for information are guilty of a misdemeanor. (Lab.Code, § 6314(b).) As to their employees, specific provisions of the Labor Code protect them from employer retaliation for reports to the Division. (Lab. Code, §§ 6310–6312.) Therefore, we agree with the trial court that on balance 'the public interest will be better served by the limited disclosure ordered here.'" 43 Cal.App.3d at 786, 117 Cal.Rptr. at 731. (Footnote omitted.)

While the arguments favoring disclosure are convincing, they cannot control in the instant case. In California, the court found that the policy of confidentiality of the Division of Industrial Safety's files was made subject to the requirements of disclo-

sure enumerated in the California Public Record Act, and that consequently the claim of absolute privilege did not find support in the public policy of the state. It was determined that "on balance the public interest will be better served by the limited disclosure here."

In the case before this Court, the language used by the Legislature is without qualification.[1] "Information and facts developed * * * in the course of any investigation may be used for the purposes of this article only * * *", is plain and unambiguous. The settled rule of law is that the Legislature's intent is first to be determined from the statute's language, *Board of Education of Pearce Union High School District v. Leslie*, 112 Ariz. 463, 543 P.2d 775 (1975), and if a statute is plain and unambiguous, there is no room for judicial construction. *Smith v. Pima County Law Enforcement Council*, 113 Ariz. 154, 548 P.2d 1151 (1976). Clear and unambiguous language of a statute must be given the meaning of the words the Legislature used. *Balestrieri v. Hartford Accident and Indemnity Insurance Co.*, 112 Ariz. 160, 540 P.2d 126 (1975).

We therefore hold that the information and facts developed by the Commission or its employees in the course of any investigation may only be used for the purpose of carrying out the duties of the Division of Occupational Safety and Health of the Industrial Commission as provided in Art. 10 of Ch. 23.

The orders of the Superior Court dated January 2 and 22, 1979 directing an *in camera* inspection are vacated.

HAYS, HOLOHAN and GORDON, JJ., concur.

CAMERON, Chief Justice, specially concurring:

I concur in the result.

1. This unconditional language is reinforced by the provision of § 23–408 F that any person who violates any provision of § 23–408 is guilty of a misdemeanor.