691 P.2d 315

U–TOTEM STORE, Stone and Roger, Fairmont Foods Company, dba U-Totem, Inc., doing business as U-Totem, 3990 North Stone Avenue, Tucson, Arizona; U-Totem, Inc., doing business as U-Totem, 3990 North Stone Avenue, Tucson, Arizona, Petitioners,

v.

The Honorable George T. WALKER, Court Commissioner, and Acting Judge of Pima County Superior Court, Respondent,

and

Melanie Croci and Robert Croci, husband and wife, Real Parties in Interest.

No. 2 CA–SA 0117.

Court of Appeals of Arizona, Division 2.

Oct. 30, 1984.

Kimble, Gothreau, Nelson & Cannon, P.C. by Darwin J. Nelson, Tucson, for petitioners.

Blaser, Kelly & Don, P.C. by William B. Blaser, Tucson, for real parties in interest.

## OPINION

HOWARD, Judge.

May a defendant who seeks to set aside a default depose the plaintiff for the purpose of securing evidence to demonstrate a meritorious defense? We hold that he may—that discovery for the purpose of satisfying the meritorious defense requirement is not precluded by the entry of default.

■ This court has jurisdiction to entertain this petition and to grant the relief requested by virtue of A.R.S. § 12–120.-21(A)(3). Although appellate intervention by way of extraordinary relief is not routinely exercised in discovery matters, *Jolly v. Superior Court of Pinal County,* 112 Ariz. 186, 540 P.2d 658 (1975), we believe the circumstances of this case warrant the exercise of our discretion. The Court of Appeals will look with favor upon granting extraordinary relief in discovery matters when an important issue is at stake, or when the subsequent course of litigation may be vitally affected by an erroneous order. *Phoenix v. Peterson,* 11 Ariz.App. 136, 462 P.2d 829 (1969).

Petitioners in this special action are defendants in a slip-and-fall personal injury suit, Pima County Civil Cause No. 210024. This petition was taken against respondent court commissioner following his denial of a motion to compel discovery. The real parties in interest are the plaintiffs in the personal injury suit, Melanie and Robert Croci, husband and wife.

In the original complaint, Mrs. Croci alleged that she slipped and fell on the petitioners' business premises, and that the petitioners' negligence was responsible for her injuries. Apparently, there were no witnesses to the alleged incident, and the plaintiff herself is the only source of information concerning the facts and circumstances of the occurrence. Default was entered against petitioners, who were seven days late in filing an answer to plaintiff's complaint, apparently due to counsel's erroneous belief that the filing would be timely. Petitioners moved to set aside the entry of default. Subsequently, petitioners

noticed Mrs. Croci's deposition. At the deposition, Mrs. Croci refused to answer questions pertaining to liability, limiting her answers to damages alone. The Croci's position was that the default precluded any discovery or other litigation on the issue of liability, and that therefore Mrs. Croci was not required to respond to petitioners' attempts to discover the circumstances of the alleged incident.

Petitioners filed a motion to compel Mrs. Croci's answers to questions which they contend were designed to elicit information concerning the facts and circumstances of the accident for the purpose of obtaining evidence to satisfy the meritorious defense requirement. The commissioner denied the motion. As a result of the denial, petitioners contend, they cannot determine whether or not they have a meritorious defense.

■ Petitioners urge that where a showing of a meritorious defense is required to support a motion to set aside a default, discovery should be allowed to the extent that it may lead to evidence sufficient to satisfy the requirement. We agree and vacate the order denying the motion to compel.

■ The law is well settled in Arizona that to invoke the court's discretion in setting aside a default, the moving party must show: 1) prompt action in seeking relief, 2) that the failure to file a timely answer was due to excusable neglect, and 3) that a meritorious defense exists. *United Imports and Exports, Inc. v. Superior Court*, 134 Ariz. 43, 653 P.2d 691 (1982); *Richas v. Superior Court*, 133 Ariz. 512, 652 P.2d 1035 (1982). The trial court has not yet ruled on the motion to set aside the entry of default. Accordingly, we do not discuss the timeliness of the motion or the character of the neglect involved. We assume that they are supported by petitioners' affidavits supplementing the motion. We consider only the meritorious defense requirement and its proper treatment under the rules of discovery.

This is a case of first impression in Arizona. Very little law on the precise issue can be found in any jurisdiction. Despite the paucity of authority, however, the thrust of modern discovery procedure and basic notions of fairness tell us that to allow the plaintiff in this case to continue to withhold petitioners' requested information would be to foster a guessing game rather than to facilitate proper litigation.

Rule 26(b)(1), Arizona Rules of Civil Procedure, 16 A.R.S., provides, in part:

"Parties may obtain discovery regarding *any matter*, not privileged, which is *relevant to the subject matter involved in the pending action*, whether it relates to the claim *or defense* of the party seeking discovery or to the claim or defense of any other party.... It is not ground for objection that the information sought will be inadmissible at the trial *if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (Emphasis added)

We believe the facts and circumstances of plaintiff's fall constitute a matter, not privileged, which is relevant to petitioners' defense to the claim in the pending action, and petitioners' request for information appears reasonably calculated to lead to the discovery of admissible evidence.

■ The rules of discovery should be broadly and liberally construed to facilitate identifying the issues, promote justice, provide for a more efficient and speedy disposition of cases, avoid surprise, and prevent the trial of a lawsuit from becoming a guessing game. *Industrial Commission v. Superior Court*, 122 Ariz. 374, 595 P.2d 166 (1979); *Cornet Stores v. Superior Court*, 108 Ariz. 84, 492 P.2d 1191 (1972); *Watts v. Superior Court*, 87 Ariz. 1, 347 P.2d 565 (1959). As noted in *Simpson v. Heiderich*, 4 Ariz.App. 232, 419 P.2d 362 (1966):

"The whole object of discovery is that mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." 4 Ariz.App. at 236, 419 P.2d 362.

The modern practice of permitting pleadings based on good-faith speculation, i.e., "notice pleading," requires liberal dis-

covery to determine whether a valid case or defense in fact exists. *See* Friedenthal, *A Divided Supreme Court Adopts Discovery Amendments to the Federal Rules of Civil Procedure,* 69 Cal.L.Rev. 806 (1981). As Professor Friedenthal points out:

"[f]rom a theoretical point of view, the current practice of allowing general pleadings and extensive discovery cannot seriously be challenged. There seems to be little reason why litigants should be prevented from establishing legitimate claims in actions in which the admissible facts are to be found only in the files and minds of opposing parties." 69 Cal.L. Rev. at 816–17.

In our view, the same should hold true for defendants as for plaintiffs. There is no reason why a defendant should be prevented from discovering a possible defense where, as in the instant case, the facts are to be found only in the mind of the plaintiff. The fact that a defendant has had a default entered against him should not preclude his engaging in discovery pertaining to matters which may establish the existence of a meritorious defense. The law favors resolving a case on the merits rather than by default. Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S.; *Hirsch v. National Van Lines, Inc.,* 136 Ariz. 304, 666 P.2d 49 (1983); *Richas v. Superior Court, supra; Union Oil Co. v. Hudson Oil Co.,* 131 Ariz. 285, 640 P.2d 847 (1982).

The Crocis argue that the entry of default disposed of the question of liability, rendering irrelevant any inquiries on the matter. They further contend that to allow discovery on the issue of liability would be to permit an end run around the preclusive effect of the default, and that to rule on the sufficiency of the defense would be tantamount to trying an issue which was precluded by the default. This argument misconceives the effect of an entry of default.

■ Generally, the entry of default precludes the defendant's participation in any further proceedings in the case. *Martin v. Sears,* 45 Ariz. 414, 44 P.2d 526 (1935); *Sears Roebuck and Co. v. Walker,*

127 Ariz. 432, 621 P.2d 938 (App.1980). However, the defendant has a right to move to set aside the default. *Martin v. Sears, supra; Sears Roebuck and Co. v. Walker, supra; Soltes v. Jarzynka,* 127 Ariz. 427, 621 P.2d 933 (App.1980). Indeed, no appeal can be taken from a default judgment unless the defendant has first moved to set aside the default. *Byrer v. A.B. Robbs Trust Company,* 105 Ariz. 457, 466 P.2d 751 (1970). Thus the right to proceed in this limited manner is firmly established in Arizona law.

■ We reject plaintiff's contention that this right to challenge the default must be exercised without the benefit of discovery relating to one element of the required showing, i.e., the existence of a meritorious defense. A meritorious defense must be established by facts and not through conclusions, assumptions or affidavits based on other than personal knowledge. *Richas v. Superior Court, supra.* Although the showing of a meritorious defense need not be strong, it must amount to more than mere speculation. *Richas v. Superior Court, supra.* To require petitioners, under the peculiar facts of this case, to meet these standards without discovery would be to demand the impossible, and would violate the long-established policy that favors deciding cases on their merits rather than on procedural technicalities.

■ A ruling on the meritorious defense requirement is not a trial on the issue of liability. The hearing to set aside an entry of default merely ascertains, *inter alia,* whether or not the defendant has enough evidence to formulate a colorable defense. As explained in *Union Oil Co. of California v. Hudson Oil Co.,* 131 Ariz. 285, 640 P.2d 847 (1982):

"[The affidavit asserting a meritorious defense] is not intended to be a substitute for a trial of the facts. It is enough if there is shown from all the material facts set forth in the affidavit ... that there is a substantial defense to the action." 131 Ariz. at 289, 640 P.2d 847.

If petitioners in the instant case fail to demonstrate a meritorious defense, the entry of default will constitute a judicial admission of liability. *See Hawke v. Bell,* 136 Ariz. 18, 663 P.2d 1009 (App.1983). If they succeed in setting aside the entry of default, the issue of liability will be resolved at trial.

A party is entitled to discover any relevant information, with the exception of privileged material, which appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), Arizona Rules of Civil Procedure, 16 A.R.S. Contrary to the Crocis' assertions, evidence of facts and circumstances relating to liability is indeed relevant and admissible at a hearing on a motion to set aside a default because one of the elements which defendant must satisfy to invoke the court's discretion is the requirement that a meritorious defense to the plaintiff's claim exists. Such evidence becomes irrelevant, and therefore non-discoverable, only upon a determination by the trial court that the petitioners have not made the requisite showing to warrant setting aside the default. Unless and until such a determination is made, the issue of liability is still pending for purposes of Rule 26(b)(1). In our view, petitioners' requested discovery falls squarely within the express language of Rule 26(b)(1) and is not precluded by the entry of default.

Petitioner offers as an additional basis for our decision the language of Rule 32(a), Arizona Rules of Civil Procedure, 16 A.R.S., which specifically allows the "use" of depositions "upon the hearing of a motion or an interlocutory proceeding ...." Petitioner invites us to find implicit in that language the right to take additional depositions for those purposes. We can find no authority for expanding the meaning of the verb "use" to encompass "take" or "compel." Accordingly, we decline petitioner's invitation to rely on the language of Rule 32(a) as support for our ruling.

For the reasons stated above, we grant the relief requested and vacate the commissioner's order denying the motion to com-

pel. We award costs to petitioner but no attorney's fees. We hereby remand for further proceedings consistent with this opinion.

BIRDSALL, C.J., and HATHAWAY, J., concur.