Roquette FRERES and Roquette Corporation, Plaintiffs,

v.

The UNITED STATES, Defendant.

Pfizer Inc., Intervenor.

Court No. 82–5–00636.

United States Court of International Trade.

Dec. 13, 1982.

As Amended Dec. 17, 1982.

Wald, Harkrader & Ross, Washington, D.C. (Joel E. Hoffman and Marilyn E. Kerst, Washington, D.C., of counsel), for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C. (David M. Cohen, Director Commercial Litigation Branch and A. David Lafer, Washington, D.C.), for defendant.

Freeman, Wasserman & Schneider, New York City (Herbert Peter Larsen and Angela P. Violin, New York City, of counsel), for intervenor.

Rivkin, Sherman & Levy, New York City (Saul L. Sherman and Lance E. Tunick, New York City), for ICI Americas Inc., amicus curiae.

## MEMORANDUM AND ORDER

BOE, Judge:

In the above-entitled action, plaintiffs, Roquette Freres and Roquette Corporation and intervenor, Pfizer Inc., foreign and domestic producers of sorbitol, respectively, move for access to all confidential documents contained in the record of the antidumping proceedings conducted by the International Trade Administration (ITA) and the International Trade Commission (ITC).[1] Defendant moves for a protective order (1) permitting release of all ITA confidential documents to plaintiff and intervenor, subject to certain terms and conditions, and (2) precluding release of ITC confidential documents or, in the alternative, permitting release of certain ITC documents and portions thereof. Plaintiffs have further moved for leave to file a confidential exhibit under seal, and ICI Americas Inc., a domestic producer of sorbitol, has filed a motion to intervene or, in the alternative, to appear *amicus curiae* for the purpose of contesting the release of any documents containing confidential business information concerning it.[2]

■ Section 516A(b)(2)(B) of the Tariff Act of 1930, as amended, provides:

(B) Confidential or privileged material. —The confidential or privileged status

---

1. These documents consist of questionnaires submitted by sorbitol producers, internal government memoranda, ITC staff reports and various letters and exhibits collected by the ITA and ITC in investigation number 731–TA–44, which assessed duties against plaintiffs for violating U.S. antidumping laws. 47 Fed.Reg. 15391 (April 9, 1980).

2. The respective motions, responses and repeated requests for extensions of time for further responses have been filed over a period extending from August 13, 1982 to December 3, 1982. In order to insure judicial consistency in its consideration and determinations of the foregoing, the court has awaited the presentation of arguments by all parties.

accorded to any documents, comments, or information shall be preserved in any action under this section. Notwithstanding the preceding sentence, the court may examine, in camera, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

This statute gives the court wide latitude in determining whether or not to release confidential documents to parties involved in an antidumping proceeding. In making its determination, the court must consider (1) the needs of the litigants for data used by the Government in order to adequately respond to the antidumping finding, (2) the need of the Government in obtaining confidential information from businesses in future proceedings, and (3) the needs of the producers of sorbitol to protect from disclosure information which, in the hands of a competitor, might injure their respective positions in the industry. This court must then balance "a party's need for the information sought against the public interest in protecting confidential business information, recognized by section 516A(b)(2)(B) and inherent in the administrative authority's ability to effectively perform its investigative duties required by the Antidumping Act." *Nakajima All Co., Ltd. v. United States,* —— CIT ——, Slip Op. 81–95 (Oct. 26, 1981); *Connors Steel Co. v. United States,* 85 Cust.Ct. 112 (1980). Thus, where the confidential information requested was several years old and the disclosure thereof would not harm the positions of the companies submitting the information, disclosure was ordered. *Japan Exlan Co., Ltd., Mitsubishi Rayon Co., Ltd. v. United States, Asahi Chemical Co., Ltd. v. United States,* —— CIT ——, Slip Op. 81–43 (May 12, 1981). Where, however, the relevancy of certain confidential documents (producer questionnaires) was in doubt, the court refused to disclose the documents. *Melamine Chemicals, Inc. v. United States,* —— CIT ——, Slip Op. 81–32 (April 21, 1981). On the other hand, where the information contained in the specific documents requested "directly related to an assessment of whether there is material injury or a threat of

material injury, and, consequently, germane to the major issues" of the case, disclosure was required. *Rhone Poulenc, Inc. and Rhone Poulenc S.A. v. United States,* —— CIT ——, Slip Op. 81–87 (September 29, 1981).

■ Upon *in camera* inspection of the confidential documents contained in the administrative record, this court concludes that the questionnaires submitted by Pfizer Inc., Roquette Freres and Roquette Corp., and Lonza, Inc., parties to the administrative proceeding appealed from, as well as their confidential letters and exhibits and the internal memoranda of the ITC and ITA, shall be made available for inspection and copying by plaintiffs and intervenor subject to the terms and conditions enumerated, *infra.*

The questionnaires submitted by ICI Americas Inc., Merck, Inc., and Ethichem, domestic producers of sorbitol, shall be totally protected from disclosure. They contain vital statistical data concerning such matters as production capacity, customers, techniques, and the like. Much of this data was not directly relevant to the administrative determinations.

Finally, the reports prepared by the staff of the ITC and submitted to the Commission to assist its determination shall be made available to plaintiffs and intervenor, except those certain portions restating the vital data submitted by ICI Americas, Merck and Ethichem in their respective individual questionnaires will be deleted. However, the computations made by the ITC staff from the individual figures submitted by the above producers (including Pfizer and Lonza in some instances) in arriving at industry-wide totals for certain questions, such as production capacity and costs, shall be disclosed. The industry-wide aggregate data, and not the individual producer statistics, form the basis of the administrative determinations and therefore are material to plaintiffs' challenge to the finding of dumping against plaintiffs and the finding of material injury to "an industry in the United States" under 19 U.S.C. § 1673. *See* 47 Fed.Reg. 14981 (April 7, 1982).

Accordingly, upon reading and filing the respective motions of plaintiffs, Roquette Freres and Roquette Corporation, and intervenor, Pfizer Inc., for access to confidential documents contained in the administrative record, plaintiffs' motion for leave to file confidential exhibit under seal, defendant's responses and cross-motion for a protective order, and upon reading and filing all other papers and proceedings herein, it is hereby ORDERED:

1. Plaintiffs' motion for leave to file confidential exhibit under seal is denied.

2. Plaintiffs' and intervenor's motions for access to certain confidential information contained in the administrative record transmitted to the court are granted to the following extent, and are denied in all other respects:

a. Within 15 days from the date of the entry of this order, the clerk of this court shall make available to plaintiffs' and intervenor's outside counsel, at the offices of the clerk, for purposes of examining and copying the confidential documents included in the record filed with this court by the United States Department of Commerce, International Trade Administration and the following confidential documents enumerated in List Number 2, "Confidential Documents Transmitted to the United States Court of International Trade," subject to the exceptions, terms and conditions specified below:

(1) Documents 1–16, 19, 21, 22–25, 27–29, 30–38, 42, 44, 48–56, 57–62 and 64–66 shall be made available in full to plaintiffs and intervenor.

(2) Documents 26, 47, 63 and 67 shall be made available. However, in the statistical tables referred to on the following pages, the names of the respective domestic producers and the data relating specifically to each shall be deleted. Only the aggregate totals and weighted averages of the domestic production of all forms of sorbitol contained in such statistical tables shall be made available:

(a) Document 26: pages A–16, table 2; A–17, table 3; A–19, table 4; A–22, table 5; A–36, table 13; A–38, table 15; A–41, table 17.

(b) Document 47: pages A–17, table 2; A–19, table 3; A–20, table 4; A–21, table 4; A–23, table 5; A–38, table 13; A–41, table 15.

(c) Document 63: pages A–18, table 2; A–20, table 3; A–22, table 4; A–23, table 4; A–25, table 5; A–29, table 8; A–32, table 9; A–34, table 10; A–41, table 13; A–44, table 15.

(d) Document 67: pages A–18, table 2; A–20, table 3; A–22, table 4; A–23, table 4; A–25, table 5; A–30, table 8; A–32, table 9; A–33, table 10; A–34, table 11; A–35, table 12; A–42, table 16; A–45, table 18.

(3) Documents numbered 17, 18, 20, 39, 40, 41, 43, 45 and 46 shall be protected from disclosure to plaintiffs and intervenor.

b. Except as otherwise provided in this order, counsel for plaintiffs and intervenor shall not disclose the confidential information to anyone other than their immediate office personnel actively assisting in this litigation.

c. Counsel for plaintiffs and intervenor and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation or any remand or appeal of this matter.

d. If, in the opinion of plaintiffs' and/or intervenor's counsel, it becomes necessary to consult with experts in evaluating the confidential information, counsel will not contact such experts without first notifying, and conferring with, counsel for defendant regarding the suitability of such experts. If the respective parties cannot agree upon a suitable expert within ten (10) days of notification to defendant's counsel, plaintiffs' or intervenor's counsel may submit the matter to the court for resolution.

e. In no event shall disclosure of confidential information be made to in-house counsel or other representatives, agents or employees of the plaintiffs and of the intervenor, or of their constituent members.

f. Counsel for plaintiffs and intervenor shall maintain a record of any and all copies

of confidential information made, the names of the persons to whom such copies were provided and the dates of their return. All such copies shall be clearly marked as containing confidential information and all persons receiving copies shall be directed to return them at the conclusion of this litigation.

g. Any documents, including briefs and memoranda, containing any of the confidential information in this order, which are filed with the court in this case or used for any other purpose, shall be conspicuously marked as follows: " 'Confidential'—Subject to Protective Order. This contains material filed by (*name of party*) for the purpose of this litigation only. It is not to be opened other than by the Court, nor are the contents hereof to be displayed or revealed other than to the Court, except by Court Order or by agreement of the parties." Arrangements shall be made with the clerk of this court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed and shall be conspicuously marked as non-confidential copies.

h. Any briefs or memoranda containing confidential information shall be served on the other parties in a wrapper conspicuously marked on the front "Confidential—to be opened only by attorneys of parties in *'Roquette Freres and Roquette Corporation v. United States, and Pfizer, Inc.,'*" and shall be accompanied by a separate copy from which the confidential information has been deleted.

i. At the conclusion of this litigation and any appeal or remand of this matter, counsel for plaintiffs and intervenor shall return to the clerk of this court all copies of the confidential documents obtained under this order and the record required to be maintained under subparagraph f hereof.

j. Any reference to plaintiffs' or intervenor's counsel herein shall include counsel for any other interested party that may subsequently be granted access to such documents under protective order.

3. Defendant's cross-motion is granted except as hereinbefore modified and, accordingly, confidential documents numbered 17, 18, 20, 39, 40, 41, 43, 45 and 46 in List Number 2, "Confidential Documents Transmitted to the United States Court of International Trade," shall not be disclosed nor any part thereof made available.