MONSANTO INDUSTRIAL CHEMICALS CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–10–01470

(Decided November 10, 1983)

*Stewart & Stewart (Eugene L. Stewart, Terence P. Stewart and Kathleen T. Weaver* on the motion) for plaintiff.

*J. Paul McGrath,* Assistant Attorney General, *David M. Cohen,* Department of Justice, Commercial Litigation Branch, Civil Division (*J. Kevin Horgan* on the motion) for the defendant.

*Barnes, Richardson & Colburn (E. Thomas Honey and Richard Haroian* on the motion) for defendant-intervenor Shikoku Chemicals Corporation.

*Graham & James (Stuart E. Benson* and *Gary W. Christian* on the motion) for defendant-intervenor Nissan Chemical Industries.

LANDIS, *Judge:* Plaintiff, a domestic producer of cyanuric acid and its chlorinated derivatives, moves for summary judgment pursuant to Rules 56(a) and 7(f) of this Court. Standing is premised upon Section 777(c)(2) of the Tariff Act of 1930, as amended (19 USC § 1677f(c)(2) (Supp. IV 1980)), and jurisdiction upon 28 USC § 1581(f). The Department of Commerce (ITA division) investigation was published in 48 Fed. Reg. 29037, Cyanuric Acid and Its Chlorinated Derivatives from Japan.

This Court granted an order, brought by plaintiff pursuant to an order to show cause, for an abbreviated time schedule enabling plaintiff to file, and defendant to answer, a summary judgment motion pursuant to the aforementioned statutes. Additionally, the court ordered that two (2) parties (Nissan Chemical Industries and Shikoku) be permitted to intervene. The court held a hearing on the issue in question on November 1, 1983, hearing the parties and intervenors on oral argument.

The singular issue presented is plaintiffs entitlement to the customers' name lists submitted by the intervenors. Plaintiff maintains it requires access to the confidential customers' name lists in order to investigate differential price scales in the foreign home market industry (Japan). Defendant and defendant-intervenors argue that divulgence of these lists is improper on several grounds. Initially, defendant maintains that future antidumping and countervailing duties investigations may be impeded because foreign producers will be reluctant to disclose information under the cloak of confidential treatment where the confidentiality promise is readily sidestepped. Defendant and defendant-intervenors further maintain that plaintiff has failed to sustain its burden under the balance test under Section 777(c)(2) (19 USC § 1677f(c)(2) (Supp. IV 1980)), as enunciated in S. Rep. No. 249, 96th Cong., 1st Sess. 99–100 (1979). Finally, defendant and defendant-intervenors argue that the customer's name list is not relevant and is unnecessary for plaintiff to conduct its proceeding as all other relevant confidential information has been disclosed previously.

In examining all documents of record and upon hearing of oral arguments by all parties and intervenors of record, this Court finds that defendant and defendant-intervenors motion for summary judgment should be granted, and that plaintiff's motion for summary judgment should, in all respects, be denied.

The court appreciates plaintiff's diligence in seeking the confidential information in question. However, disclosure of customer name lists, despite the protection of court order to limited access, has been historically quite limited. *Republic Steel* v. *United States,* 6 CIT 37 (1983), mod., Ct. order (August 29, 1983); *Shawmut, Inc.* v. *American Viscose Corp.,* 11 F.R.D. 562 (S.D.N.Y. 1951); 4 Moore, *Moore's Federal Practice* § 46.60[4]26–242 to 26–245 (2d ed. 1983).

The balancing test, i.e., the respective needs of the foreign producers to protect disclosure of information submitted in confidence as opposed to the harm disclosure may cause if the information disclosed and inadvertently disseminated by the obtaining party must be carefully viewed. Indeed, in the recent case of *Roquette Freres* v. *United States,* 4 CIT 239, 554 F. Supp. 1246, the court developed this balancing test in a *judicial review* pursuant to an adjacent statute proceeding under section 516A(b)(2)(B) of the Tariff Act of 1930. The court set forth this cautious and definitive approach for a judicial proceeding which inevitably determines the *final* outcome of the particular trade action.

The instant action concerns only the investigative stage of the proceedings conducted by the ITA. Release of such requested sensitive confidential documents at the primary stage of an investigation leading to judicial review without compelling reasons surely dampens the propensity of foreign producers to divulge confidential information in future trade cases. The overall domestic public interest is thereby placed at a distinct disadvantage in rectifying future wrongs caused by foreign trade predators.

Here, plaintiff has not demonstrated his need as compared with that of the public interest in obtaining these documents at the investigative stage. Plaintiff is not empowered to act as an independent investigator to the proceeding.

Plaintiff has received all the confidential documents submitted to the ITA during this investigatory period except for the actual customer names. Plaintiff has not demonstrated that the availability of the customer names outweighs the confidential protection afforded by the ITA in the good of the public interest nor, that the relevancy outweighs said public interest.

Therefore, defendant and defendant-intervenors' cross-motion for summary judgment is granted;

Plaintiff's motion for summary judgment is denied.